CHARLES G. WHEELER, for use, etc.

*v.*

THE CHICAGO TITLE AND TRUST COMPANY, Exr. *et al.*

*Opinion filed October 24, 1905.*

1. GARNISHMENT—*act of 1897, relating to garnishment of administrators, construed.* The act of 1897, (Laws of 1897, p. 231,) relating to the garnishment of administrators and executors, does not authorize the commencement of a garnishment suit against such executors or administrators before the will is probated and the letters testamentary are issued.

2. SAME—*defense that suit was prematurely brought may be set up in answer.* No formal pleadings are required in garnishment, and hence it is proper to set up, in the answer of the garnishee, facts showing that the suit was prematurely brought.

3. SAME—*every case must be brought within the scope of the statute.* While garnishment is remedial and the statute is to be liberally construed for the advancement of the remedy, yet the remedy is purely legal; and every case must be brought within the scope of the statute, the words of which must control whatever the effect may be.

4. SAME—*when garnishment suit against an executor cannot be maintained.* A garnishment suit begun against a person, as executor, before the probate of the will and the issue of letters testamentary, cannot be maintained, notwithstanding the fact that at the time the answer is filed the garnishee is legally qualified as executor and the debt is owing without uncertainty or contingency.

5. EXECUTORS AND ADMINISTRATORS—*effect of statute as to powers of executor before probate.* The act relating to the administra-

tion of estates (Hurd's Stat. 1899, pp. 104, 105,) has modified the common law rule by restricting the powers of an executor, before probate of the will, to the burial of the testator, the payment of funeral expenses and such acts necessary to preserve the estate.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on writ of error to the Circuit Court of Cook county; the Hon. ELBRIDGE HANECY, Judge, presiding.

MORTON DENISON HULL, for appellant:

At common law the executor's interest in the testator's estate is derived from the will and vests from the latter's death.   1 Williams on Executors, (7th Am. ed.) p. 759; *Hill* v. *Tucker,* 13 How. 458; *Hathorn* v. *Eaton,* 70 Me. 219; *Shirley* v. *Healds,* 34 N. H. 407; *Clinefelter* v. *Ayres,* 16 Ill. 329; *Rand* v. *Hubbard,* 45 Mass. 252.

The common law is in full force in Illinois until repealed by legislative authority.   It has never yet been repealed in respect to the common law rule that an executor becomes such by the will of his testator and not by the action of the court of probate, and that his interest is derived exclusively from the will, and vests from the moment of the testator's death.   *Clinefelter* v. *Ayres,* 16 Ill. 329; *Pennsylvania Co.* v. *Bauerle,* 143 id. 474.

The object of the garnishment statute, under which this suit was brought, was to give the creditor a remedy which neither a debtor nor his personal representative could evade. *Brewing Co.* v. *Granger,* 101 Ill. App. 599.

This object will be partially defeated if the statute is construed to apply only to executors after probate.   *Pinkham* v. *Grant,* 78 Me. 158.

The Chicago Title and Trust Company, sued as executor, has waived the question as to whether the circuit court of Cook county had jurisdiction over it as executor, by its acts and proceedings in the trial of the case.   *Baldwin* v. *Furniture Co.* 70 Ill. App. 49; *Abbott* v. *Semple,* 25 Ill. 91; *Nicholes* v. *People,* 165 id. 502.

217—9

Eugene H. Garnett, (Gwynn Garnett, of counsel,) for appellees:

Prior to the Garnishment act of 1897 an executor was not liable to garnishment until an order of distribution had been entered in the probate court, since the property of the estate was construed to be *in custodia legis. Bartell* v. *Bauman,* 12 Ill. App. 450.

By virtue of that act executors may now be garnished before an order of distribution, but the act does not declare whether the writ may be served before or only after letters have issued. (4 Starr &'Cur. Stat. 666.) In this case the writ was served before letters issued.

At common law, executors could perform any act before probate or issuance of letters, except the filing of a *narr. Foster* v. *Adler,* 84 Ill. App. 654; *Stagg* v. *Green,* 47 Mo. 500; 11 Am. & Eng. Ency. of Law, (2d ed.) 906.

By statute, in most States, powers of executors before probate are now limited, and it is generally held that one nominated in a will as executor is not executor before probate except for the specific purposes named in the statute. *Stratton's Independence* v. *Dines,* 126 Fed. Rep. 979; *Diamond* v. *Shell,* 15 Ark. 26; *In re Flandrow,* 92 N. Y. 256; *Thomas* v. *Cameron,* 16 Wend. 579; *Bellinger* v. *Ford,* 21 Barb. 315; *Millay* v. *Wiley,* 46 Me. 236; *Fay* v. *Reager,* 34 Tenn. 202; *Killebrew* v. *Murphy,* 59 id. 546; *Succession of Vogel,* 20 La. Ann. 81; *Stagg* v. *Green,* 47 Mo. 500; *Cleveland* v. *Chandler,* 3 Stewart, 491; Horner on Probate Law, sec. 171; *Chappell* v. *McKnight,* 108 Ill. 571; *Walker* v. *Craig,* 18 id. 125.

Under statutes like ours the title to personal property is in abeyance between the death of the testator and issuance of letters, but on the issuance of letters vests by relation from the death of the testator. *McDarmon* v. *Maxfield,* 38 Ark. 635; *Stagg* v. *Green,* 47 Mo. 500; *Gardner* v. *Gantt,* 19 Ala. 666; *Killebrew* v. *Murphy,* 59 Tenn. 546; *Thomas* v.

*Cameron,* 16 Wend. 579; *Bellinger* v. *Ford,* 21 Barb. 315; *Millay* v. *Wiley,* 46 Me. 236.

The proceeding in the case at bar against the Chicago Title and Trust Company before it was executor was premature, and is not made good by relation by reason of the subsequent issuance of letters testamentary. *Fay* v. *Reager,* 34 Tenn. 202; *Thomas* v. *Cameron,* 16 Wend. 579; *Bellinger* v. *Ford,* 21 Barb. 315; *Gatfield* v. *Hanson,* 57 How. Pr. 331; *Merritt* v. *Kewanee,* 175 Ill. 549.

Section 5 of the Garnishment act of 1872, providing that a garnishee may be compelled to answer as to moneys, etc., due at the service of the writ or which may thereafter become due, refers to the inception of the debt,—not to the birth of the garnishee after the service of the writ. If no cause of action exists when a suit is instituted, it is immaterial that one arises immediately after its institution. This rule prevails at law. *Nickerson* v. *Babcock,* 29 Ill. 497; *Dearlove* v. *Edwards,* 166 id. 622; *Lumber Co.* v. *McElwee,* 37 Ill. App. 286; *Bacon* v. *Schepflin,* 185 Ill. 122; *Hall* v. *Leaming,* 31 N. J. L. 321.

Mr. Chief Justice Cartwright delivered the opinion of the court:

In December, 1901, Henry K. Elkins recovered a judgment against Charles Gilbert Wheeler. Elkins died, and Kate Elkins Daniels is the surviving executrix of his will. On January 10, 1902, Sarah J. Wheeler, wife of Charles Gilbert Wheeler, the judgment debtor, died leaving a will, by which she gave to him a money legacy of $6000 and appointed the Chicago Title and Trust Company executor. On January 17, 1902, Charles Gilbert Wheeler assigned said legacy to said trust company to secure a loan of $1500. On January 22, 1902, the executors of the will of Henry K. Elkins commenced this garnishment suit in the circuit court of Cook county against said trust company, in its own right and as

executor of said will, and the writ was served the same day. On January 23, 1902, the trust company filed in the probate court of Cook county its petition for the probate of the will of Sarah J. Wheeler and for letters testamentary thereon. On February 25, 1902, the will was admitted to probate, and on the same day Wheeler assigned his legacy to Augustus W. Wheeler subject to the previous assignment to the trust company. On February 26, 1902, letters were issued to the trust company as executor, and neither of the assignments was filed for record in the probate court until that day. On April 5, 1902, the trust company filed two answers, one in its own right and the other as executor. In the answer as executor it admitted the giving of the legacy by the testatrix to Charles Gilbert Wheeler, but alleged that it was not executor at the time of the service of the writ. There was a hearing, at which the only defense made was, that the trust company was not executor when the suit was begun and therefore the suit was premature. The court discharged the trust company in its individual capacity but found against it as executor, and continued the cause until an order of distribution should be entered in the probate court. Subsequently, upon a partial order of distribution in the probate court, judgment was entered by the circuit court against the trust company garnishee, as executor, to be paid in due course of administration. The trust company sued out a writ of error from the Appellate Court for the First District, and that court reversed the judgment. From the judgment of the Appellate Court the case is brought here by appeal.

The only question to be determined is whether the act in relation to the garnishment of administrators and executors, in force July 1, 1897, authorizes the commencement of a garnishment suit against an executor before the probate of the will and the issuing of letters testamentary. That statute recognizes the rule that general statutes relating to garnishment are not applicable to executors until a decree for payment or distribution has been made, and provides

that they may be summoned as garnishees but that final judgment shall not be rendered until an order for distribution has been made. The evident purpose of the statute is to change the former rule, that an executor or administrator was not subject to garnishment until the payment of a claim or legacy had been ordered by the probate court so that he became personally liable for the payment, and to subject executors and administrators to proceedings by garnishment before a final decree of distribution, and before the share of any heir or distributee or the amount of a claim or share has been finally or definitely ascertained.

The statute is as follows: "That hereafter it shall be lawful to summon administrators and executors as garnishees, and they may be garnisheed with respect to any moneys, goods, chattels, lands, tenements or other estates belonging to any devisee or legatee under any will, or belonging to any heir or distributee of any estate; but no final judgment shall be rendered against such administrator or executor until after an order of distribution has been made by the county court, out of which his letters testamentary or of administration issued. No assignment, transfer, or other disposition, by an heir, legatee or devisee of his distributive share, legacy or devise in the hands of any administrator or executor shall operate to defeat the garnishment of the same unless the said assignment, transfer, or other disposition is reduced to writing and filed in the office of the clerk of the county court, out of which such letters testamentary or of administration were issued before the service of process of garnishment upon such administrator or executor." (Hurd's Stat. 1899, p. 936.)

We are of the opinion that the act only authorizes a proceeding against a qualified executor who is authorized by law to exercise the powers of an executor and to perform the duties imposed upon him by the will. At common law it was considered that the title of the executor was derived solely from the will and that the probate was only evidence

of its genuineness, and therefore an executor could, before probate, exercise all the powers of an executor which did not require him to make profert of his letters. He could bring a suit and proceed with it up to filing a declaration, but could not file a declaration because profert of his letters was then necessary. His title and interest and right of possession as executor vested at the death of the testator. That rule has been changed by our statute, and it is only by relation that the grant of letters testamentary confers title upon the executor and validates his acts from the testator's death. Section 4 of the Administration act provides that the power of the executor over the testator's estate before the probating of the will and obtaining letters testamentary shall extend to the burial of the testator, the necessary funeral expenses and the taking care of the estate. By sections 6 and 7 he is required, before entering upon his duties as executor, to subscribe a certain oath and enter into a bond, and the letters testamentary issued to him authorize him, as executor, to perform all the duties enjoined upon him by the will and all other acts required of him by law. (Hurd's Stat. 1899, pp. 104, 105.) The statutes have modified the common law by restricting the powers of an executor before probate of the will to the burial of the testator, the payment of funeral expenses and such acts as are necessary to preserve the estate. If the will is probated the grant of letters relates back to the date of the testator's death and validates all acts of the executor which are otherwise lawful and proper. (*Globe Accident Ins. Co.* v. *Gerisch,* 163 Ill. 625; 11 Am. & Eng. Ency. of Law,—2d ed.—907.) It is true that the acts specified in the statute may be performed by a person before probate for the reason that he has been named in a will as executor, and they are validated by the subsequent grant of letters; but it is also true that if the will is rejected when presented for probate and he is never legally an executor his acts are equally valid, and he is not liable as an executor of his own wrong unless upon refusal to deliver

up the estate to the person authorized by law to receive the same. Under our statute a will only becomes available, in law, as such, when admitted to probate, (Hurd's Stat. 1899, p. 1746,) and we think the act of 1897 was not intended to apply to one who has merely been named as executor in a will and who has not qualified as such executor.

The remedy by garnishment is remedial in its nature and the statute is to be liberally construed for the advancement of the remedy. (*Hannibal and St. Joseph Railroad Co.* v. *Crane,* 102 Ill. 249.) It is therefore urged by counsel that the statute should be construed to include an executor before probate, for the reason that after a testator's death and before probate a legacy may be assigned or transferred and the remedy of the creditor be lost. That fact is worthy of consideration, but it must also be remembered that such a construction would render it impossible for one receiving a *bona fide* assignment or transfer of a legacy for a valuable consideration, and which ought to be sustained, to protect himself by filing a written assignment or transfer in the office of the clerk from which the letters testamentary were issued. The statute provides that no assignment, transfer or other disposition shall operate to defeat the garnishment unless reduced to writing and filed in the office of the clerk of the court out of which the letters testamentary or of administration were issued, before the service of process of garnishment upon the administrator or executor, and this seems to contemplate that the service of process upon the executor shall be after the letters testamentary are issued. The remedy by garnishment is purely legal and every case must be brought within the scope of the statute, and whatever the effect may be the words of the statute must control.

It is also the rule that the issue in a garnishment suit is whether the garnishee is indebted to the judgment debtor at the time of the answer, and if the indebtedness is owing without uncertainty or contingency at the date of the answer the debt is subject to garnishment. When the answer

was filed in this case the trust company was executor, legally entitled to the possession of the estate, and the legacy was not subject to any uncertainty or contingency; but if it was not executor, within the meaning of the statute, when the suit was commenced, the suit could not be maintained. No formal pleadings are required in garnishment, and it was proper to set up the facts showing that the suit was premature, in the answer of the garnishee.

In our opinion the judgment of the Appellate Court reversing the judgment of the circuit court was correct. The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*