(No. 24952.—

THEODORE ZIMEK, for the use of Mabel Fieldcamp, Appellee, *vs.* THE ILLINOIS NATIONAL CASUALTY COMPANY, Appellant.

*Opinion filed February 20, 1939.*

John D. Pope, for appellant.

Royal W. Irwin, for appellee.

Mr. Justice Orr delivered the opinion of the court:

Mabel Fieldcamp recovered a judgment for $5000 in the superior court of Cook county against Theodore Zimek for injuries received when the automobile Zimek was driving collided with the car in which she was a passenger. After a writ of execution against Zimek was returned unsatisfied, she brought garnishment proceedings against the Illinois National Casualty Company, claiming there were funds in its hands belonging to Zimek. The superior court entered judgment for plaintiff and the casualty company has appealed directly to this court. We have jurisdiction because the constitutionality of the Garnishment statute is challenged.

The automobile Zimek was driving when the accident occurred was registered in the name of his wife, Emma. She held, at that time, an automobile insurance policy issued by the Illinois National Casualty Company. By the terms of the policy, the casualty company agreed to insure Mrs. Zimek against liability for damages of $5000 for bodily in-

juries suffered by any person as a result of the operation of her automobile. The same protection against liability was extended by the policy to other persons operating the automobile with the permission of the insured. Whether Zimek had the consent of his wife to operate the car on the date of the accident is a matter of dispute. The company insists he did not have such permission, and on that basis denies he is entitled to protection under the policy. At the garnishment proceedings the trial court, over objection of the garnishee, received in evidence the insurance policy, heard the witnesses, and found Zimek had the requisite permission from his wife to operate the car. Whereupon judgment was entered against the casualty company in favor of Mabel Fieldcamp. Before proof was taken in the trial court two objections to the suit were raised by the casualty company, both of which were overruled. These rulings are assigned as errors on this appeal.

The constitutionality of the Garnishment statute (Ill. Rev. Stat. 1937, chap. 62, par. 1.) is challenged because it contains no provision for notice of the garnishment proceedings to be served upon the judgment debtor. The casualty company argues that such an omission violates the requirements of due process of law. We cannot agree with this view. The garnishment process is remedial in nature, designed to reach property belonging to the judgment debtor after ordinary execution has failed. (*Wheeler* v. *Chicago Title and Trust Co.* 217 Ill. 128.) It is not a distinct and separate suit, but an additional step in the original action for judgment. (*Kelley* v. *Ryan,* 36 Pac. (Wash.) 478.) So long as Zimek was personally served with process or entered his appearance in the damage suit, he is not entitled to notice of garnishment, which is in aid of that suit. His knowledge of the principal action against him is sufficient warning that his adversary may be expected to take all available steps to obtain satisfaction of any judgment rendered. We, therefore, hold that the due process requirements in garnishment proceedings are satisfied by proper notice to

the principal debtor of the original suit brought by the creditor. Rood on Garnishment, sec. 280; *Kelley* v. *Ryan, supra; Wright* v. *Southern Railway,* 53 S. E. (N. C.) 831.

The validity of the sheriff's return of execution against Zimek is also questioned by the casualty company. The writ was returned three days after issuance with the following endorsement on the back: "The within named defendant not found and no property of the within named defendant found in my County on which to levy this writ, I therefore return the same, no property found and no part satisfied, this 8th day of March, A. D. 1937." Under the statute a return of execution "no property found" is necessary to support garnishment. (Ill. Rev. Stat. 1937, chap. 62, par. 1.) The instant return is sufficient on its face to satisfy the statute (*Michigan Central Railroad Co.* v. *Keohane,* 31 Ill. 144) and is *prima facie* evidence of the fact that the judgment debtor had no property in Cook county. (*Owens* v. *Ranstead,* 22 Ill. 161; *Chanute* v. *Martin,* 25 id. 49; *Bowen* v. *Parkhurst,* 24 id. 258.) The casualty company, however, attempted to rebut this *prima facie* case by showing, on the trial, that no effort had been made by the sheriff to serve the writ on the judgment debtor. But such a showing does not rebut the essential fact established by the return, namely, that the judgment debtor had no property in the county. Until evidence is offered that Zimek had property in Cook county subject to execution the *prima facie* case made by the sheriff's return must stand. (*Chanute* v. *Martin, supra.*) The fact that the attorney for the judgment creditor, Mabel Fieldcamp, gave the sheriff an indemnifying agreement waiving any damages which might accrue to plaintiff by return of the writ before the expiration of ninety days does not invalidate the return, since the testimony shows the writ was returned by the sheriff in his discretion and not upon the order of plaintiff's attorney.

The contention of the casualty company is that the claim against it is not subject to garnishment because it is contingent and unliquidated. The statute permits garnishment

process against any person "supposed to be indebted" to the judgment debtor. (Ill. Rev. Stat. 1937, chap. 62, par. 1.) This court has recognized the general rule that the indebtedness sought to be garnisheed must be a liquidated sum due without contingency at the date when the answer to the garnishment suit is filed. (*Wheeler* v. *Chicago Title and Trust Co. supra; Capes* v. *Burgess,* 135 Ill. 61.) Usually it must be a claim on which the judgment debtor, himself, could have maintained an action against the garnishee. (Shinn on Attachment and Garnishment, secs. 475-483; 28 Corpus Juris, p. 44.) In the present case it is said the claim is contingent because the casualty company denies that it is liable to Zimek under the terms of the policy of insurance. But defendant misconceives the nature of the contingency contemplated by the rule. A contingent claim is one where liability hinges upon some future event, which may or may not occur; it is dependent upon some condition as yet unperformed. (*Grand Lodge I. O. O. F.* v. *Troutman,* 103 Pac. (Kan.) 94.) Here, whatever right Zimek has against the company has vested; all the events which can fix the garnishee with liability have taken place. It only remains to be determined whether those events make the casualty company liable to Zimek. This issue may properly be decided by garnishment proceedings. When the garnishee denies liability, one of the objects of the garnishment suit is to ascertain whether there is a debt due from the garnishee to the judgment debtor. (*Fentress* v. *Rutledge,* 125 S. E. (Va.) 668.) Thus, the denial of liability by the garnishee does not create a contingency which will prevent garnishment. If we held otherwise, garnishment process by a creditor could be defeated in every case by the garnishee's denial of indebtedness to the judgment debtor. Neither is the claim against the garnishee unliquidated. If any amount is due from the casualty company under the policy of insurance, it has been rendered certain by the final judgment in the damage suit brought by Mabel Fieldcamp against

Zimek. Where the amount due may be ascertained by computation or reference to the contract out of which the claim arises it is a liquidated claim for purposes of garnishment. 28 Corpus Juris, p. 136; *Capes* v. *Burgess, supra.*

It is also clear that the claim is an indebtedness subject to garnishment because Zimek, himself, might have sued the casualty company for the amount of his liability to Mabel Fieldcamp. The issue before the court in such case would be whether he was operating the automobile with the permission of his wife when the accident occurred. We can see no reason for refusing to allow the judgment creditor to be substituted as plaintiff and to have that issue determined in a garnishment suit. The company insists that because Zimek would have had to sue on the contract of insurance instead of bringing an action of debt or *indebitatus assumpsit,* garnishment proceedings cannot be invoked. But the form of action in which the judgment debtor could have recovered from the garnishee can make no difference here, so long as the indebtedness of the garnishee is liquidated and not contingent upon a future event. A determination of whether an action of debt or *indebitatus assumpsit* will lie against the garnishee is merely a convenient test to ascertain whether the claim is liquidated and not contingent. In *Capes* v. *Burgess, supra,* where we had occasion to refer to such a test, we held the claim was unliquidated and for that reason could not be garnisheed.

In the case before us it was not error to admit the insurance policy in evidence and to determine the liability of the casualty company to Zimek thereunder. (*Fentress* v. *Rutledge, supra.*) The garnishee, however, contends there was not sufficient evidence to support the finding of the court that Zimek had the consent of his wife to operate the automobile. There is some conflict in the evidence on this point and the competency of some of the testimony is questioned on the ground that it involved conversations between Zimek and his wife. The testimony referred to by counsel does

not contain any statements regarding actual conversations and objections to its admission are without merit. We see no reason for disturbing the finding of the trial judge who had an opportunity to see the witnesses and evaluate their testimony.

For the reasons stated, the judgment is affirmed.

*Judgment affirmed.*