TILLMAN PEARSON, Judge.-
The plaintiff appeals a summary final judgment entered in favor of the defendant It is not contended that there was a genuine issue of material fact, but it is urged by the appellant that the court applied the wrong rule of law.
The decision of the trial judge arose out of the following facts. Tompkins-Beekwith, Inc. owed money on account to Air Metal Industries, Inc. This account was assigned by a general assignment entitled “Contractors General Agreement of Indemnity” to American Fire and Casualty Co., the pertinent part of which is as follows :
“3. For the further protection of the Surety, the Indemnitors do hereby assign, transfer and convey to the Surety all of their right, title, and interest in and to all subcontracts; subcontractors’ surety bonds; contracts or orders for purchase of materials or installation of equipment; and tools, plant, equipment and materials of every nature and description wherever located and also all monthly, final or other estimates and retained percentages; pertaining to or arising out of or in connection with any contracts performed or being performed or to be performed, such assignment to be in full force and effect as of the date hereof, in the event of default in the performance of, or failure to pay as they become due and payable any bills for labor,-or materials in connection with any contract as to which the Surety has issued, or shall issue, any such instrument or instruments. The Indemnitors hereby agree to execute and deliver to the Surety, upon request, any further or *560 additional instrument or instruments that may be required by the Surety to effectuate more fully the purposes of the foregoing assignment.”
This agreement was dated January 3, 1962. On November 26,1962, the appellant, Boulevard National Bank, loaned money to Air Metal Industries, Inc. and in return received an assignment from Air Metal of the same accounts receivable owing from Tompkins-Beckwith which had been the subject of the indemnity agreement with American Fire. [Because of the wording of the assignment to American Fire, there is some question as to whether the assignment to Boulevard National Bank or Amer-can Fire was actually prior in time.[1] In view of the holding in this case, we deem it not necessary to answer this question.] During the month of June 1963, Air Metal defaulted on various contracts bonded by American Fire. On July 1, 1963, American Fire served formal notice on Tompkins-Beckwith of Air Metal’s assignment. Tompkins-Beckwith acknowledged the assignment and agreed to pay. On August 12, 1963, plaintiff, appellant, notified Tompkins-Beckwith of its assignment and claim thereunder. The claim was not recognized and on September 26, 1963, this suit was instituted. On October 9, 1963, Tompkins-Beckwith paid all remaining funds due to American Fire.
The trial judge applied the rule that as between assignees of accounts receivable, the assignee who first gives notice of his claim to the debtor is preferred and has prior right. This rule has been declared to be the law of the State of Florida in a case by the federal Fifth Circuit Court of Appeals. See Town of River Junction v. Maryland Casualty Co., 110 F.2d 278 (5th Cir.1940). We are not aware of any appellate court decision in the State of Florida adopting this rule. The rule itself has been the subject of comment and annotation at 31 A.L.R. 876 and 110 A.L.R. 774.
The appellant contends for a different rule which he has designated the “American rule”. Under this system of designation, he refers to the rule adopted by the trial judge as the “English rule”. It is appellant’s contention that the American rule is the better reasoned rule and is adopted by the majority of the jurisdictions who have recently considered the matter, although he concedes that the numerical majority of all of the courts having considered the subject may be for the older English rule. The American rule may be stated as holding that as between assignees of the same accounts receivable and in the absence of facts giving rise to an estoppel, the earlier assignment has priority, even without notice to the debtor. See 6 Am.Jur. 2d, Assignments, § 114 (1963).
We think that the existence of the English rule is not only historically sustainable, but its application is justified from the fact that the legislature of this State has seen fit to make use, although of a different nature, of notice as a basis for the priority of assignments of accounts receivable. See Chapter 524, Fla.Stat, F.S.A. We also think that a holding in favor of this rule is in keeping with the expressed policy of the State of Florida and that it approaches more nearly the principles of fair play inherent in our law than would a rule which allows secret or unknown assignments to have priority.
We hold that the trial judge correctly determined that the rule in Florida is the so-called English rule to the effect that as between assignees of the same accounts receivable, the assignee who first gives notice of his claim to the debtor is per-ferred and has the prior right.
The appellees present two other bases for the decision of the trial judge, either of which if found to be governing would be grounds for sustaining the trial judge even though he may have applied the wrong rule of law. Appellees contend that the assign *561 ment to the appellant was a partial assignment and therefore, not such an assignment as would take precedence over appellees’ general assignment of the indebtedness. Secondly, appellees urge that its assignment was actually prior in time to that of the appellant because appellant’s assignment was as security for a debt, the default of which did not occur until after appellees’ assignment was effective. We do not pass on either of these contentions because the ground given by the trial judge should be first considered and determined
The summary final judgment is affirmed.

. See 6 C.J.S. Assignments §§ 91f and 93 (1937) for a discussion of conditional assignments and assignments as security.