174 So.2d 561 (1965)
Arnold OPER, Appellant,
v.
AIR CONTROL PRODUCTS, INC. OF MIAMI, a Florida corporation, Appellee.
No. 64-815.
District Court of Appeal of Florida. Third District.
April 27, 1965.
Rehearing Denied May 18, 1965.
*562 Carl A. Spatz, Miami, for appellant.
Joel A. Savitt and Stephen Lubow, Miami, for appellee.
Before BARKDULL, C.J., and TILLMAN PEARSON and CARROLL, JJ.
BARKDULL, Chief Judge.
By this appeal, the appellant [a third party claimant in a garnishment proceeding] seeks review of an adverse final judgment in garnishment, which failed to recognize his third party claim. The following is found in the record on appeal:
Some time prior to May 26, 1964, the appellee, Collie, was involved in an automobile accident with one Wasekanes. As a result of said accident, Collie sought the services of the appellant [a medical doctor] and in connection therewith executed what the appellant contends to be an assignment of a portion of any recovery in the personal injury action against Wasekanes or any benefits under insurance policies to which he might be entitled, in order to satisfy any such amounts as might be due the appellant and which was in the form of a letter of authorization to Collie's attorneys.
On May 26, 1964, the appellee, Air Control Products, Inc. of Miami, [in a common law action separate and distinct from any cause of action arising out of the aforesaid personal injury matter] secured a final judgment against the appellee, Collie, in the sum of $1,049.35. On June 19, 1964, Collie prevailed in his personal injury action and secured a judgment of $2,210.20. The defendant in the personal injury action, Wasekanes, was insured by Allstate Insurance Company and, subsequent to the entry of the final judgment in the common law personal injury action, the appellee, Air Control Products, Inc. of Miami, [as plaintiff and judgment creditor in the suit against Collie] instituted garnishment proceedings against Allstate pursuant to the provisions of Ch. 77, Fla. Stat., F.S.A. Within the time prescribed by the writ, Allstate answered and admitted there was an indebtedness payable to Collie and his attorney in the personal injury action. Pursuant to the authority found in § 77.16, Fla. Stat., F.S.A., the appellant along with others filed a third party claim in the *563 garnishment proceedings. Several motions to dissolve were filed, and the appellee, Air Control, filed a motion for judgment against the garnishee. Upon hearing, the trial court established a priority as to certain claimants [not involved herein], found that the appellant did not have a valid assignment, and entered a final judgment in garnishment for the appellee, Air Control Products, Inc. of Miami. It is from this judgment that this appeal has been prosecuted. The appellant has preserved three points for review by this court:
"POINT I
"Was the assignment to Arnold Oper from Ezekiel Collie valid so as to create a priority lien in favor of appellant?
"POINT II
"Did appellee have the right to garnish the insurance company?
"POINT III
"Did the lower court err in entering its final judgment in garnishment without jury trial and without taking testimony?"
As to Point I, if the actions of the trial judge can be supported on any theory he will be sustained, even though the reasoning for his ruling may be erroneous. See: Cohen v. Mohawk, Fla. 1962, 137 So.2d 222; Berkman v. Miami National Bank, Fla.App. 1962, 143 So.2d 535; Tri-County Produce Distributors, Inc. v. Northeast Production Credit Association, Fla. App. 1963, 160 So.2d 46. It is admitted, from this record, that no notice was given to the defendant in garnishment and that the first notice it had of the respective claims of the parties was when it was served with the writ as to Air Control and when it was served with a copy of third party claim as to the appellant. It appears that the appellant, if he had an assignment, received his in fact and that the appellee, Air Control, received its right by operation of law to the identical fund, to wit: indebtedness due by Allstate through Wasekanes to Collie. In determining the priority between these two claims, first in line as to the notice to the debtor should prevail. In this connection, see: Boulevard National Bank of Miami v. Air Metal Industries, Inc., Fla.App. 1965, 174 So.2d 559 (opinion filed February 2, 1965). In any event, finding that Air Control's right would be superior to the appellant's purported assignment, we do not need to determine the validity of the assignment because, even if it was valid, it would not prevail over one first in point of time as to notice.
As to Point II, clearly the defendant in garnishment, Allstate, was indebted to Collie upon the rendition of the final judgment in the personal injury action [as the insurance carrier of the defendant therein], and the funds it held for the account of Collie were subject to garnishment by the appellee, Air Control.[1]
Point III was the right of the appellant to have a jury trial pursuant to the provisions of § 77.16, Fla. Stat.,[2] F.S.A. From the *564 very wording of the statute, if the trial judge found "good cause to the contrary", there was no need for a jury trial.
The material facts in this cause were admitted. The principal issues before the trial judge were the validity of the assignment and the priority of the claims, both of which were questions of law and not of fact. Therefore, no error has been demonstrated in failing to have a jury trial.
For the reasons stated above, no error has been made to appear in the ultimate effect of the trial judge's final judgment in garnishment here under review, and same is hereby affirmed.
Affirmed.
NOTES
[1] Garnishment is a process whereby the creditor is subrogated to the debtor's right against the garnishee [see: Pleasant Valley Farms v. Carl, 90 Fla. 420, 106 So. 427] and, upon serving of the writ of garnishment, the plaintiff takes the place of the defendant, becoming substituted for him in the action against the garnishee. See: Reeves v. Domestic Finance Co., Inc., 113 Fla. 672, 152 So. 718. Thus, as Ezekiel Collie was in the position of being able to bring a garnishment proceeding against Allstate by virtue of his judgment against Allstate's insured, Wasekanes, [see: Standard Accident Insurance Company v. Hancock, 124 Fla. 725, 169 So. 617; Poole v. The Travelers Insurance Company, 130 Fla. 806, 179 So. 138] Air Control could institute garnishment proceeding against Allstate, being subrogated to Collie's right against Allstate by the very nature of said garnishment proceeding.
[2] "§ 77.16, Fla. Stat. [F.S.A.] Claims by third persons to garnisheed property.  If any person other than the defendant shall claim that the indebtedness due by a garnishee is due to him and not to the defendant, or shall claim the effects in the hands or possession of any garnishee, and shall make affidavit that the said indebtedness or effects are bona fide his property, the court shall immediately, unless good cause be shown to the contrary, and without the formality of pleading, direct a jury to be empaneled to inquire of the right of such property between the claimant and the plaintiff; * * *".