PEARSON, Judge.
These two appeals are from (1) an order dissolving a writ of garnishment, and (2) a subsequent summary final judgment for the garnishee-appellee, General Accident Fire and Life Assurance Corp., Ltd. The court entered summary judgment after finding that as a matter of law an insurance policy which the appellee had issued to Miramar Motors, Inc., and which was the basis of the claimed indebtedness, had been cancelled prior to the automobile collision which caused injury to Gonzalez and resulted in his obtaining a final judgment against Miramar.
On August 3, 1966, an automobile owned by Miramar (not a party to this appeal) was involved in a collision in which the appellant, Gonzalez, was injured. Gonzalez sued Miramar and recovered a final judgment of $4250 for damages and $98.50 for costs. Thereafter Gonzalez procured a writ of garnishment against the appellee, General Accident Fire and Life Assurance Corporation, Ltd. The appellee’s answer denied any indebtedness to Miramar. The appellant filed a traverse to the answer. After discovery proceedings the appellee moved for a summary judgment. The court dissolved the writ of garnishment and entered summary judgment for the ap-pellee, reciting that it appeared “from the record as a matter of law that the insurance contract in question was cancelled prior to the accident in question * *
Gonzalez contends that whether the policy had been validly cancelled at the time of the collision is a genuine issue of material fact. General Accident argues that even if the validity of cancellation is a genuine issue of fact, it is not a genuine issue of material fact, because the validity of the cancellation of an insurance policy cannot be questioned in a garnishment proceeding. We hold that whether the policy was validly cancelled is a genuine issue of material fact in the garnishment proceeding and reverse.
Miramar, a used car dealer, obtained a garage liability insurance policy from General Accident through a Miami insurance agency on April 6, 1965; it was in effect until April 6, 1966. Miramar paid a $590 premium for coverage during this period. Through the insurance agency Miramar requested renewal of the policy for the period April 6, 1966 — April 6, 1967. General Accident issued the requested renewal and in turn requested payment of a $590 premium. On April 4, 1966, the agency sent General Accident a check in payment of the premium. On May 6, 1966, General Accident wrote Miramar demanding an additional premium of $230, a 35% surcharge based upon General Accident’s assertion that Miramar’s employees had accumulated more points because of traffic violations than had been indicated on the application for the policy. Payment of the surcharge was due on June 7, 1966; it was not made. On June 15, 1966, General Accident notified Miramar that the policy was cancelled as of June 27, 1966. From June 17, 1966, through September 22, 1966, Miramar’s insurance agency engaged in extensive correspondence with General Accident. The agency took the position that General Accident did not in fact have grounds for imposing the surcharge. On September 1, 1966, General Accident returned part of the paid premium to the insurance agency; but it retained $314 as premium and surcharge earned for coverage extended to Miramar during the period April 6, 1966— June 27, 1966.
Much of the record concerns the cancellation. If we grant the appellant, the party against whom the motion for summary judgment was directed, all favorable inferences from the evidence, we might reach the following reasonable conclusions from the evidence which contradict a conclusion *799 that as a matter of law the policy was can-celled :
I. Miramar obtained its garage liability insurance policy under the Florida Assigned Risk Plan, and General Accident did not impose the surcharge in accordance with the Plan or follow the cancellation procedure outlined by the Plan;
II. General Accident waived the cancellation, or was estopped from asserting the cancellation, because Miramar was led to believe that as soon as the grounds for General Accident’s imposition of the surcharge were examined and clarified, the policy would again be recognized by the company. We conclude that the validity of the cancellation is a genuine issue of fact.
In order to determine whether it is a genuine issue of material fact, we must decide the controlling issue on this appeal: Is it proper in a garnishment proceeding to permit a judgment creditor to question the validity of the cancellation of an insurance policy issued by the garnishee to a judgment debtor?
The appellee relies upon Jordon v. Shelby Mutual Insurance Company, Fla.App.1965, 175 So.2d 233, as authority for the proposition that the validity of a cancellation may not be questioned in a garnishment proceeding. The following paragraph is the entire Jordon opinion:
“An unliquidated inchoate ex delicto liability of an insurer to the insured is not reachable by a judgment creditor of the insured in attachment by a writ of garnishment. Affirmed.”
The Jordon holding is inapplicable to the present case. The alleged liability of General Accident is neither unliquidated nor inchoate because it has been made certain by the final judgment of $4348.50 entered in the Gonzalez—Miramar suit. Zimek v. Illinois Nat. Casualty Co., 370 Ill. 572, 19 N.E.2d 620, 623 (1939). Nor is the liability of General Accident, if any, necessarily ex delicto. General Accident argues that when an insurance company cancels an insurance policy for any reason, the only remedy of the holder of the cancelled policy is a tort action against the insurance company for wrongful cancellation. We cannot agree. See cases collected at 45 C. J.S. Insurance § 462. The holder of a wrongfully cancelled policy may bring an action in equity to set aside the cancellation and declare the policy to be in force. See cases collected at 45 C.J.S. Insurance § 464.
Because one purpose of a garnishment action is to determine whether there is a debt due from the garnishee to the judgment debtor, we hold that a judgment creditor may in a garnishment proceeding question the validity of the cancellation of an insurance policy issued by the garnishee to the judgment debtor. See Zimek v. Illinois Nat. Casualty Co., 370 Ill. 572, 19 N.E.2d 620 (1939); Fentress v. Rutledge, 140 Va. 685, 125 S.E. 668 (1924). See also Oper v. Air Control Products, Inc. of Miami, Fla.App.1965, 174 So.2d 561, footnote one at 563.
Reversed and remanded for trial.