## THOMPSON v. HAYNES, et al.

No. 67-6705.

Circuit Court, Duval County.

September 3, 1971.

David R. Lewis, Jacksonville, for the plaintiff.

Carl D. Dawson, Jacksonville, for the defendant.

Bruce S. Bullock, Jacksonville, for the garnishee.

SAM GOODFRIEND, Circuit Judge.

This cause came on to be heard upon final hearing on the plaintiff Marvin F. Thompson's writ of garnishment for $65,339.50 (with 6% interest from February 15, 1968), directed to the Commercial Union Insurance Company of New York, a corporation, garnishee, answer to the garnishment filed by the garnishee, wherein it denied that it is indebted to the defendant, Deloris Haynes, and amongst other matters denied that it was indebted to the defendant at the time of the service of the writ or at any time thereafter (the writ of garnishment having been served on the garnishee on the 24th day of November, 1970) and upon traverse of the answer to the garnishment filed by plaintiff on December 14, 1970, wherein the plaintiff, amongst other matters, claimed that the defendant was indebted to the plaintiff in the sum of $65,339.50 with interest from February 15, 1968, and that the garnishee, as the result of bad faith in the manner in which it handled the defense of the plaintiff's claim against the defendant, Deloris Haynes, resulted in a judgment in excess of the stated limits of the insurance policy issued by the garnishee to defendant's husband, which insured defendant with respect to plaintiff's claim in this suit — $65,339.50 being the excess amount of the judgment in that the garnishee has heretofore paid the policy limits of $25,000.

This cause further came on to be heard upon the garnishee's motion to dissolve the writ of garnishment filed before the court on April 2, 1971, the date of the trial, and just prior to proceeding

on taking testimony on the issues framed by the writ of garnishment, answer and traverse thereof. The garnishee's motion to dissolve the writ, amongst other matters, asked for the dissolution of the writ of garnishment and discharge of the garnishee, or, in the alternative, for an order in the nature of a directed verdict at the close of the plaintiff's case in chief, based upon the following grounds —

"The liability of the garnishee, if any, to its insured for the grounds alleged is inchoate and, although arising from contract, is ex delicto in nature, and is therefore not a lawful subject of garnishment."

"The plaintiff has failed to adduce any evidence of those acts or omissions alleged by him to have occured allegedly constituting 'bad faith' or negligence on the part of the garnishee."

The court having heard the testimony and the evidence adduced before the court and being advised in the premises, finds that the garnishee filing its motion for dissolution of the garnishment at that stage of the case, i.e., immediately prior to the testimony being taken on the issues framed by the writ, answer and traverse thereof, was timely.

The court took into consideration the following cases, decisions and principles of law, amongst others, and considered whether or not the claim of the plaintiff as against the garnishee, stems from the contract or was ex delicto; whether or not such claim was required to be assigned by the defendant to the plaintiff; whether or not the claim of the plaintiff was liquidated or unliquidated and inchoate and not reachable by garnishment proceedings; and whether or not the motion for dissolution of garnishment should be granted therefore and, if not, whether or not the garnishee acted in bad faith, making said garnishee liable for the excess verdict.

§77.01 F.S.A., ch. 67-254, §27, eff. June 26, 1967, provided, inter alia, as follows —

Every person who has sued to recover a debt or has recovered judgment in any court against any person, natural or corporate, has a right to a writ of garnishment in the manner hereinafter provided, to subject any debt due to defendant by a third person, in any tangible or intangible property of defendant, in the possession of or control of a third person . . .

In Florida, some of the cases touching upon the matters involved in this cause are as follows —

Nationwood Mutual Insurance Co. v. McNulty, 229 So.2d 587, held, inter alia, as follows —

. . . Accordingly, when an insuror under such a policy contract undertakes to defend an action against the insured and becomes involved in negotiations for settlement, the law imposes the duty that it act in good faith. It follows that the cause of action for an "excess", when one arises from bad faith, is bottomed on the contract, in that the nature of an action thereon is ex contractu rather than in tort. The fact that the proofs offered to establish an insuror's bad faith in this connection may include or consist of showing an act of negligence, will not take the cause of action out of the contract category . . ."

In Gonzales v. General Accident Fire and Life Insurance Corporation, 216 So.2d 797, the court stated —

In order to determine whether it is a genuine issue of material fact, we must decide the controlling issue on this appeal: Is it proper in a garnishment proceeding to permit a judgment creditor to question the validity of a cancellation of an insurance policy issued by the garnishee to a judgment debtor?

The appellee relies upon Jordan v. Shelby Mutual Insurance Company, Fla. App. 1965, 175 So.2d 233, as authority for the proposition that the validity of a cancellation may not be questioned in a garnishment proceeding. The following paragraph is the entire Jordan opinion:

"An unliquidated inchoate ex delicto liability of an insuror to the insured is not reachable by judgment creditor of the insured and attachment by writ of garnishment. Affirmed."

The Jordan holding is inapplicable to the present case. The alleged liability of General Accident is neither unliquidated nor inchoate because it has been made certain by the final judgment of $4,348.50 entered in the Gonzales-Miramar suit.

\* \* \* \* \*

Zimek v. Illinois National Casualty Co., 370 Ill. 572, 19 N.E. 2d 620, 623 (1939) . . . Nor is the liability of General Accident, if any, necessarily ex delicto. General Accident argues that when an insurance company cancels an insurance policy for any reason, the only remedy of the holder of the cancelled policy is a tort action against the insurance company for wrongful cancellation. We cannot agree . . .

Because one purpose of the garnishment action is to determine whether there is a debt due from the garnishee to the judgment debtor, we hold that a judgment creditor may, in a garnishment proceeding question the validity of the cancellation of an insurance policy issued by the garnishee to the judgment debtor. See Zimek v. Illinois National Casualty Co., 370 Ill. 572, 19 N.E. 2d 620 (1939); Fentress v. Rutledge, 140 Va. 685, 125 S.E. 668 (1924). See also Oper v. Air Control Products Inc. of Miami, Fla. App. 1965, 174 So.2d 561, Footnote 1 at 563.

Another Florida case, Thompson v. Commercial Union Insurance Company of New York (Fla. App. 1970), 237 So.2d 247,

prior to the appeal to the Supreme Court on certiorari held that the plaintiff would be a stranger to the proceeding in garnishment in that he was not a third party beneficiary to the insured's duty to defend the insured and there had never been an assignment by the defendant to the plaintiff; however, in the Supreme Court of Florida January term, 1971, case no. 39,9112, on a writ of certiorari, the court adopted the language set out in the Canal Insurance Company of Greenville, South Carolina v. Sturges case, 114 So.2d 469, and held that a judgment creditor may maintain a suit directly against the tort feasor's liability insuror for recovery of the judgment in excess of the policy limits, based upon the alleged fraud or bad faith of the insuror in the conduct or handling of the suit without an assignment.

In American Fidelity Fire Insurance Company v. Johnson, 177 So.2d 679, a Florida case, the court held —

> A refusal by an insuror to defend renders it liable for any damages sustained as a direct result of breach of contract.

> Thus, an insuror which failed to defend an action against the insured was held to be liable for the judgment thus obtained, unless it established that the terms of the policy had been breached.

\*　\*　\*　\*　\*

> American Fidelity cites as one of the leading cases in the country supporting its position, Communale v. Traders and General Insurance Company, 50 Cal. 2d 654, 328 Pac. 2d 198, 68 ALR 2d 883.

> In Communale, the Court made an important distinction between refusal to defend and refusal to settle within policy limits. The Court said:

> "There is an important difference between the liability of an insuror who performs its obligations and that of an insuror who breaches its contract. The policy limits restrict only the amounts the insuror may have to pay in the performance of its contract as compensation to a third person for personal injuries caused by the insured; they do not restrict the damages recoverable by the insured for breach of contract by the insuror."

## On page 683 the court further stated —

> Had American Fidelity chosen to defend and shown the same indifference to its responsibilities to the insured it could not maintain that it could not be guilty of such bad faith regarding the settlement offer as would cause it to be liable for the excessive judgment which was entered. Having chosen to step aside, American Fidelity cannot now receive the benefit of any different course it might have pursued had it taken command of the litigation.

In West Florida Grocery Co. v. Teutonia Fire Insurance Co. 77 So2d, at pages 209, 210, 211 and 212, the court stated —

Before a writ of garnishment can be effective, there must be an "indebtedness due" at the time of the service of the writ, or at the time he makes his answer, or at any time between such periods, or which may become due absolutely by the lapse of time only. This excludes an indebtedness that may never become due according to the circumstances yet to occur or which is not determinable by a fixed and certain method of calculation. If there is anything contingent or to be done by a person before the liability of another becomes fixed, there is not such an "indebtedness due" as contemplated by the statute to which a writ of garnishment can apply.

## On page 211 —

We are strengthened in our conclusion by the provision of the statute which compels the garnishee to answer upon oath the amount of his indebtedness to the principal debtor. If the amount of the claim is not capable of being ascertained, if there may never be any indebtedness, if there are certain things unperformed upon the performance of which liability depends, the garnishee cannot comply with the requirements of the statute.

Another case which touches upon the issues involved was Oper v. Air Control Products of Miami, 174 So.2d 561.

"The court in the Oper case held that the court did not err in the entry of a judgment (final) in garnishment without a jury trial where material facts were admitted and principal issues were validity of assignment and priority of claims, both of which were questions of law and not of fact . . ."

The plaintiff in the case at bar took the position that the final judgment against the defendant was not unliquidated nor inchoate because it had been made certain by the final judgment, that it was not necessarily ex delicto, and that the claim of the plaintiff against the garnishee was a claim that the garnishee acted in bad faith, that the plaintiff took the place of the defendant, becoming substituted for the defendant in an action against the garnishee, and that the actions in the case of bad faith had taken place prior to filing of garnishment proceedings, that the facts substantiated the bad faith of the garnishee.

The court further found that there were no Florida cases exactly in point on this matter, however, that other jurisdictions have considered a case of garnishment being brought for an excess judgment against the garnishee by the plaintiff, and the court considered the following cases in this regard.

In Pringle v. Robertson, an Oregon case, 465 Pac. 2d 223, the following principles were clearly set forth —

All judicial authority in the United States is to the effect that such claim is not subject to garnishment.

Steen v. Aetna Casualty, 157 Col. 99, 401 Pac 2d 254 (1965); Stillwell v. Parsons, 51 Del (1 Storey) 342, 145 Atlantic 2d 397 (1958); Jordan v. Shelby Mutual Insurance Co., 175 So.2d 233 (Fla. App. 1965); Powell v. Prudence Mutual Casualty Co., 88 Ill App. 2d, 343, 232 N.E. 155 (1967); Paul v. Kirkendall, 6 Utah 2d 256, 311 Pac 2d 376 (1957); Murray v. Mossman, 56 Wash 2d 909, 355 Pac 2d 985 (1960); Seguros Pepeyac, S.A., Compania Mexicana Seguros Generales v. Bostrom, 347 F. 2d 168 (5th Circuit 1965).

\* \* \* \* \*

The following cases hold that the plaintiff has no independent cause of action of his own against defendant's insurance company: The Fidelity Casualty Co. of New York v. Southall, 435 Pac 2d 119 (Okl. 1957); Amerman v. Farmers Insurance Exchange, 19 Utah 2d 261, 430 Pac 2d 576 (1967); Seguros Pepeyac, S.A., Compania Mexicana y Seguros Generales v. Bostrom, supra; Chittrick v. State Farm Mutual Automobile Insurance Co., 170 F. Supp. 276 (Del. 1958); Hadden v. Ohio Casualty Inc. Co., 250 F. Supp. 853 (E.D. Ky. 1966); Wessing v. Americana Indemnity Co. of Galveston, Tex. 127 F. Supp. 775 (W.D. Mo. 1955); also see R. Keecham, *Liability Insurance in Responsibility for Settlement,* 67 Harvard Law Review, 1136, 1176 (1954).

The rationale for not allowing the injured party the benefit of alleged cause of action for the insuror's misconduct is not always the same. Most of the cases hold that an insured's cause of action against an insurance company for negligence and/or bad faith in failing to settle the plaintiff's claims sounds in tort. The garnishment cases which so hold say that an unliquidated tort claim is not subject to garnishment. The balance of the garnishment cases say that it does not make any difference whether the alleged claim is in tort or in contract, because, even if it is a contract claim, it is not subject to garnishment since fraud or bad faith has not yet been established. Some of the garnishment cases also hold that the cause of action is in the hands of defendant and therefore, even if it can be subject to garnishment, it cannot be reached by garnisheeing the insurance company. They hold that all the company has is an exposure.

\* \* \* \* \*

Plaintiff contends that defendant's alleged cause of action against the insurance company is "property" within the meaning of the garnishment statutes because "property" is an all-encompassing term and because we held that such a cause of action is capable of assignment in Groce v. Fidelity General Insurance Company, 252 Ore. 296, 448 Pac 2d 554 (1968). In Groce, the insured defendant assigned his claim for the insuror's failure to settle within the policy limits to the injured plaintiff. We upheld the assignment and allowed plaintiff to bring an action against the insuror on this claim. For the purpose of securing attorney fees on the claim under Or. S. 736.325, we held that the action was essentially on the insured's contract.

Whether the claim is grounded in tort or in contract and whether or not the claim is capable of assignment, there is a further policy reason why the claim cannot be reached by garnishment. Plaintiff bears no more relationship to the insurance contract than does any other judgment creditor of the defendant. No duty was owed by the insuror to the plaintiff under the contract nor was plaintiff injured by the insuror's failure to settle. Therefore, plaintiff's only interest is that of a judgment creditor of the insured defendant. The plaintiff's judgment might just as well have resulted from defendant's failure to pay a note or from any other obligation. It is contrary to the policy of the law to permit a third party who has no direct interest in the cause of action to foster litigation of the kind involved here. Regardless of whether the claim is considered one in contract or one in tort, the genesis of the claim is bad faith or negligence, or both. The law frowns upon third parties with no direct interest promoting litigation of this kind for gain. This is the reason for the rules preventing champerty and maintenance.

Another case touching upon the issues involved in the case at bar is Powell v. Prudence Mutual Casualty Co., 232 N.E. 2d 155, an Illinois case (September 29, 1967). The court in that case held —

Unsatisfied tort judgment creditor was not afforded a remedy under garnishment act against insurance carrier of judgment debtor for recovery of that portion of judgment rendered in excess of policy limits because of alleged bad faith, fraud, and/or negligence of the insurance carrier in failing to settle its insured's liability within limits of policy. S.H.A. Ch. 62, Sec. 33, et seq.

\* \* \* \* \*

. . . Not every specie of liability owing by a garnishee to his judgment debtor is within the reach of an affidavit for garnishment. Rather, the garnishment statute itself clearly manifests an intention to confine the garnishing process to but two classes of assets; namely, (1) a debt for the collection of which, the garnishee might have properly maintained the traditional actions of debt or assumpsit, or (2) property belonging to the judgment debtor in the possession, custody or control of the garnishee . . . Garnishment is a purely statutory proceeding unknown to the common law, and accordingly must be strictly construed so as not to be extended to cases beyond its intended realm of application.

\* \* \* \* \*

Plaintiff argues that garnishment not being a summary action, it is available as a proper facility to test the issue of Prudence's liability for alleged refusal to settle relying on the case of Ray v. Johnson, 81 Ill. App 2d 456, 225 N.E. 2d 158 (1967). In the Ray case judgment creditors were allowed recovery in a garnishment action against the insuror of a judgment debtor. However, unlike the case at bar and of particular significance as it relates to the questions of contingency and liquidation of the subject debt, in Ray the insuror denied any liability whatsoever under the policy based upon the alleged lack of cooperation of its assured. Moreover, the judgment rendered there was not in excess of

the policy limits. Under such circumstances the authority is devoid of a reasonable basis of comparison for the onus there rested with the insuror-garnishee to establish its affirmative defense of lack of cooperation in avoidance of its otherwise unambiguous contractual obligation to pay within policy limits. See Paul v. Kirkendall, 6 Utah 2d 256, 311 Pac. 2d 376 (1967).

The court further stated at page 159 —

The entry of a judgment adverse to the assured does not, by itself, liquidate the amount of the claim against his garnishee insuror. While the prior judgment liquidates the amount of the liability as between the judgment creditor and debtor, it does not necessarily follow that the amount of the judgment so affixed becomes liquidated as concerns the garnishee, who ordinarily has agreed to indemnify only to the extent of the stated limits of its policy . . .

In Communale v. Trader General Insurance Co., 328 Pac. 2d 198, heretofore cited above, the court held —

There is an implied covenant of good faith and fair dealing in every contract, that neither party will do anything which will injure the right of the other to receive the benefits of the agreement . . . This principle is applicable in policies of insurance. Hillker v. Western Automobile Insurance Co., 204 Wis 1, 231 N.W. 257. In the Hillker case, it is pointed out that the rights of the insured go deeper that the mere surface of the contract written for him by the defendant.

". . . Although a wrongful refusal to settle has generally been treated as a tort, 376 Harvard Law Review, 1136, 1138, annotation."

In Steen v. Aetna Casualty Insurance Co. (April 26, 1965), 401 Pac. 2d 254, a Colorado court held in essence that an excess coverage by garnishment proceedings would not apply because the plaintiff's status is a stranger to the transaction until the insured obtainment of judgment against the insuror. The court further held that it was ex delicto when it stated —

In a similar proceeding with regard to whether a tort claim like the instant one could be adjudicated in garnishment procedure, the Supreme Court of Utah in the case of Paul, et al v. Kirkendall, et al v. Maryland Casualty Co., 6 Utah 2d 256, 311 Pac 2d 376 (1957) said the following:

"To do so compels the garnishee to enter into combat with an adversary other than its insured and to do that with one who never had any contract with him."

Zimek v. Illinois National Casualty Co., 19 N.E. 2d 620, was a case where Mabel Fieldcamp recovered a judgment for $5,000 in Superior Court of Cook County against Theodore Zimek, for injuries received when the automobile which Zimek was driving collided with a car in which she was a passenger, and after a writ of execution against Zimek was returned unsatisfied, Mabel Fieldcamp

brought garnishment proceedings against the Illinois National Casualty Company, claiming that there were funds in its hands belonging to Zimek. The Superior Court entered a judgment for the plaintiff and the casualty company appealed. If any amount was due from the casualty company under the policy of insurance it was rendered certain by the final judgment for damages brought by Mabel Fieldcamp against Zimek.

In that case, however, the amount of the judgment was within the policy limits and not for an excess amount, and the court saw no reason for refusing to allow the judgment creditor to be substituted as the plaintiff and to have that issue determined in the garnishment suit. The company further insisted that because Zimek would have had to sue on the contract of insurance instead of bringing an action of indebitatus assumpsit, garnishment proceedings cannot be in both. But the court held that the form of action in which the judgment debtor could have recovered from the garnishee can make no difference — so long as the indebtedness of the garnishee is liquidated and not contingent upon a future event.

The court, having considered the aforesaid cases, finds as follows —

That there is an implied covenant of good faith and fair dealings in every contract that neither party will do anything that will injure the right of the other to receive the benefit of the agreement, but that this is not an express covenant unambiguously set out in the policy.

That it is not necessary for an assignment by the defendant to the plaintiff in that the Supreme Court of Florida has held that a judgment creditor may maintain a suit directly against the tort feasor's liability insuror for recovery of the judgment in excess of the policy limitations based upon the alleged fraud or bad faith of the insuror in the conduct or handling of the suit, without an assignment.

The entry of a judgment adverse to the insured does not, by itself, liquidate the amount of the claim against the garnishee insuror.

The onus was on the plaintiff to prove the alleged bad faith stemming from an implied covenant of good faith and fair dealing flowing from the insurance contract, before the debt was owed and liquidated, and the onus was not upon the insurance company in the case at bar by affirmative defenses to prove good faith.

The claim of the plaintiff is unliquidated and inchoate and not reachable by garnishment.

The determination of the merits of bad faith become moot in this garnishment proceeding and do not require a determination.

Therefore, the court being fully advised in the premises, it is ordered and adjudged that the garnishee's motion to dissolve the writ of garnishment be and the same is hereby granted, and the garnishee, Commercial Union Insurance Company of New York, a corporation, is hereby released in this cause and the writ of garnishment discharged, without prejudice to the plaintiff. The $10 deposit attorney fees shall be remitted to the garnishee's attorney.