CHICAGO DISTRICT COUNCIL OF CARPENTERS HEALTH & WELFARE FUND et al., Plaintiffs-Appellees,

v.

The ALAN SCOTT COMPANY, Defendant,

and

Transamerica Insurance Company, Garnishee-Appellant.

No. 78–2324.

United States Court of Appeals, Seventh Circuit.

Argued April 11, 1979.

Decided April 20, 1979.

William J. Hacker, Chicago, Ill., for garnishee-appellant.

Sol A. Gayle, Chicago, Ill., for plaintiffs-appellees.

Before FAIRCHILD, Chief Judge, and PELL, Circuit Judge, and BONSAL, Senior District Judge.*

PER CURIAM.

This case began in June 1977 as a routine suit against an employer by three union trust funds to collect unpaid contributions due the funds under the provisions of a collective bargaining agreement. Default judgment was entered against the employer, The Alan Scott Company, and in favor of the plaintiffs in the amount of $1,802.04, plus interest and costs, on October 28, 1977.

The judgment against the employer was not satisfied and the trust funds initiated non-wage garnishment proceedings against the garnishee-appellant, the Transamerica

* Senior District Judge Dudley Baldwin Bonsal of the Southern District of New York is sitting by designation.

Insurance Company, pursuant to Illinois law and Rule 69 of the Federal Rules of Civil Procedure. Although Transamerica denied in answers to interrogatories that it held any property of The Alan Scott Company or that it was indebted to the company in any way, the district court held otherwise and granted summary judgment to the plaintiffs against Transamerica. Transamerica appealed. We reverse.

Transamerica is the surety on a wage and welfare bond obtained by The Alan Scott Company in favor of the Chicago District Council of Carpenters, whose trust funds are plaintiffs here. The bond essentially provides that Transamerica, as surety, is obligated to pay to the union any wages, welfare fund contributions, pension fund contributions, or apprentice program contributions unpaid by The Alan Scott Company. The trust funds argue that the surety bond is therefore analogous to an insurance policy and thus subject to garnishment.

■■ The Illinois law (Chap. 62, § 33 of the Illinois Revised Statutes) provides that indebtedness "to the judgment debtor" or "property belonging to the judgment debtor" are subject to garnishment proceedings. It is hornbook law that a principal cannot maintain a suit against a surety for his own default. 74 Am.Jur.2d Suretyship, § 205. There is therefore no "indebtedness" owed The Alan Scott Company by Transamerica and thus nothing subject to garnishment. Unlike an insurance contract, which runs to the benefit of the insured and which is enforceable by the insured, the surety bond runs solely to the benefit of the obligee, here the Chicago District Council of Carpenters. The fact that both an insurance policy and a surety bond may provide some protection to third parties who suffer loss as a result of actions or inactions of the principal does not erase the essential differences between the two. The Illinois cases which hold that in some instances a garnishment action may be maintained against a liability insurer are perfectly consistent with the statutory language and completely inapposite to the situation presented by this case.[1] The Chicago District Council of Carpenters may well be entitled to recover under the bond issued by Transamerica. We express no opinion as to the merits of that issue. The plaintiffs cannot recover, however, through use of the Illinois garnishment statute.

The judgment in favor of the plaintiffs is reversed and the case remanded with instructions to dismiss the proceedings against the garnishee-appellant insofar as they have the character of garnishment. If the district court deems it appropriate to modify and continue the proceeding as an action on the bond, it is free to do so.

---

1. *See, e. g., Zimek v. Illinois National Casualty Co.,* 370 Ill. 572, 19 N.E.2d 620 (1939).