237 So.2d 247 (1970)
Marvin F. THOMPSON, Appellant,
v.
COMMERCIAL UNION INSURANCE COMPANY OF NEW YORK, a Corporation, Appellee.
No. M-307.
District Court of Appeal of Florida, First District.
June 30, 1970.
Blalock, Holbrook, Lewis, Paul & Bennett, Jacksonville, for appellant.
Bruce S. Bullock, of Marks, Gray, Yates, Conroy & Gibbs, Jacksonville, for appellee.
*248 JOHNSON, Chief Judge.
This is an appeal from an order granting appellee-defendant's motion to dismiss the complaint with prejudice.
After the court indicated his decision to grant the motion to dismiss, the appellant-plaintiff announced that he had no amendment to offer, and the court then entered its order granting the motion to dismiss "with prejudice to the plaintiff". This appeal is from this order.
Appellant had obtained a judgment for $89,500 against a party who was insured by the appellee herein in a policy with liability limits of $25,000.00. The $25,000 had been paid to appellant, but appellant then filed this suit against appellee for the remainder of his judgment of approximately $65,000.00, alleging, inter alia, as the primary basis for this suit, bad faith on the part of the appellee in not settling the cause originally within the limits of the policy, alleging certain withholding of information from the insured as to any offer of compromise or possibility or probability of an excess verdict.
These latter allegations appear to us to be matters which might have been of materiality to the insured, but we fail to see wherein this gives the appellant a cause of action. The appellee had paid its full contractual liability to its insured for its insured's benefit as prescribed in the policy.
The question posed by appellant as his point on appeal is: Can a judgment creditor maintain suit directly against insurer for recovery of judgment in excess of policy limits because of alleged negligence or bad faith of insurer in conduct or handling of suit?
Limiting the question involved to the facts as alleged in this case, we must answer said question in the negative.
The law appears to be well-settled that an insured may sue and recover damages against his insurer when said insurer is guilty of negligence or bad faith, but we do not find any support for the theory that such right can carry over to the judgment creditor who has an excess judgment, absent special circumstances.
The appellant has cited in support of his claim the decision of the Florida Supreme Court in the case of Shingleton v. Bussey, 223 So.2d 713, hereinafter referred to as "Bussey", but we fail to construe the Bussey case as being of any comfort to appellant. The original decision in the Bussey case was by this court, which was affirmed by the Florida Supreme Court in the above cited case. This court's opinion originally dealt primarily with the interpretation and application of the Rule of Civil Procedure as to who could be made parties defendant. The insurance companies having shortly before said opinion was rendered, having claimed to be the "real party in interest" and the party liable for cost, attorney fees and payment of the judgment, up to the policy limits, were in an awkward position to assert a contrary position. The Supreme Court of Florida, in affirming this court's decision in Bussey, expanded the rationale into "quasi-third party beneficiary contract," but a very careful study of the Bussey decision convinces us there was no effort to enlarge upon the limits of liability of the insurance company beyond that stated in the policy. The basic and fundamental holding of the court in Bussey, regardless of theory upon which founded, was that an insurance carrier could be made a direct party defendant and bound to the plaintiff for the maximum limits of the policy, if recovery was granted.
In the case sub judice, appellant's complaint does not allege facts showing the plaintiff to be a beneficiary of the insurance contract, but at most only a claim as a beneficiary of a breach of contract between the insurance company and its insured, and about which we have not heard the insured complain.
The other cases cited are not in point on the facts of this case, and we do not find any decision of courts of this state *249 or outside which permit recovery of excess judgments against the insurer, except McNulty v. Nationwide Mutual Insurance Company, 221 So.2d 208 (Fla.App.3d) wherein the insured had a valid bad faith claim against his insurer, which he assigned to the plaintiff. We do not have that set of facts here. In fact, the appellant is attempting to recover from an insurance company for an alleged breach, without which breach there probably would not have been an excess judgment.
The order appealed from is therefore affirmed.
RAWLS and SPECTOR, JJ., concur.