442 F.2d 1045
 Chester A. KUKLIS and Jean S. Kuklis, his wife, Plaintiffs-Appellants,
v.
UNITED SERVICES AUTOMOBILE ASSOCIATION, Defendant-Appellee.
No. 71-1278 Summary Calendar.*
*Rule 18, 5 Cir.; See Isbell Enterprises, Inc
v.
Citizens Casualty Company of New York et al., 5 Cir. 1970,
431 F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 May 12, 1971, Rehearing Denied June 15, 1971.
 
 Sanford M. Swerdlin, Clewiston, Fla., for appellants.
 Theodore R. Hainline, Thomas B. Mimms, Jr., Fleming, O'Bryan & Fleming, Fort Lauderdale, Fla., for appellee.
 Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 The plaintiffs-appellants, Chester A. Kuklis and Jean S. Kuklis (Kuklis), were judgment creditors of an insured of the defendant-appellee, United Services Automobile Association (United). The lower court granted United's Motion to Dismiss a direct action against United for the excess amount of the Kuklis' final judgment above the insurance policy limits which suit alleged United's bad faith refusal to settle the plaintiffs' claim within the policy limits. The dismissal was with prejudice after the plaintiffs announced they had no further amendment to offer to the complaint.
 
 
 2
 We agree with the trial court that dismissal was correct in the absence of either (a) a provision in the insurance policy granting the judgment creditor a direct right of action for such excess against the insurer; or (b) an assignment from the assured to the judgment creditor of the insured's cause of action for such excess arising from the claimed refusal to settle within policy limits; or (c) a Florida statute granting such direct right of action to the insured's judgment creditor for such excess. Neither requisite special circumstance was present and dismissal was mandated.
 
 
 3
 The Erie[1] beacon in this situation transmits a clear and steady signal. Our way is illuminated by Thompson v. Commercial Union Ins. Co. of New York, (Fla.DCA 1st, June 30, 1970), 237 So.2d 247, a case identical in all critical aspects with the case before the Court.[2] In Thompson, the plaintiff obtained a judgment for $89,500 against a party with insurance policy liability limits of $25,000, whereas here, the judgment recovery was $30,000 with policy liability limits also $25,000. In both cases the policy limits were paid by the insurer, and the judgment creditor sued the insurer directly for the excess, alleging bad faith failure to settle, but admitting lack of an assignment from the insured and also lack of a policy provision permitting direct suit.[3]
 
 
 4
 The Thompson court posited the question before it on appeal as being:
 
 
 5
 '* * * Can a judgment creditor maintain suit directly against insurer for recovery of judgment in excess of policy limits because of alleged negligence or bad faith of insurer in conduct or handling of suit?'
 
 
 6
 and rendered a negative answer in these terms:
 
 
 7
 'The law appears to be well-settled that an insured may sue and recover damages against his insurer when said insurer is guilty of negligence or bad faith, but we do not find any support for the theory that such right can carry over to the judgment creditor who has an excess judgment, absent special circumstances.'
 
 237 So.2d at page 248.[4]
 
 8
 With commendable zeal, extended argument and citation and discussion of numerous authorities, but we think clearly without success, counsel for Kuklis strives mightily to ward off the controlling precedential force of Thompson.
 
 
 9
 We consider our affirmance of this appeal to be compelled by that decision. The judgment of the lower court is
 
 
 10
 Affirmed.
 
 
 
 [1]
 Erie R. Co. v. Tompkins (1938), 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188
 
 
 [2]
 We note and emphasize that Thompson was decided by the 1st Florida District Court of Appeal after full evaluation of the decision of the Supreme Court of Florida in Shingleton v. Bussey (Fla. 1969), 223 So.2d 713, affirming Bussey v. Shingleton (Fla. DCA 1st, 1968) 211 So.2d 593. Shingleton I was written for the First District Court of Appeal by Judge Johnson, with Chief Judge Wigginton and Judge Spector concurring. Thompson was written for the First District Court of Appeal by Chief Judge Johnson, with Judge Rawls and Judge Spector concurring. The Shingleton opinion was analyzed at length. A majority of each panel, Judges Johnson and Spector participated in both decisions, and one of these, Judge Johnson, wrote the critical Thompson opinion. Thompson appears to have no writ history. We point all of this out with particularity since appellants rely strongly on Shingleton. Shingleton stands mainly for the proposition that the insurer may be joined in a direct action against the insured, but of course for recovery within, not outside, policy limits, and not concerned at all with bad faith failure to settle. The Thompson court's discussion of Shingleton is dispositive of the contentions of the appellants here:
 'The appellant has cited in support of his claim the decision of the Florida Supreme Court in the case of Shingleton v. Bussey, 223 So.2d 713, hereinafter referred to as 'Bussey', but we fail to construe the Bussey case as being of any comfort to appellant. The original decision in the Bussey case was by this court, which was affirmed by the Florida Supreme Court in the above cited case. This court's opinion originally dealt primarily with the interpretation and application of the Rule of Civil Procedure as to who could be made parties defendant. The insurance companies having shortly before said opinion was rendered, having claimed to be the 'real party in interest' and the party liable for cost, attorney fees and payment of the judgment, up to the policy limits, were in an awkward position to assert a contrary position. The Supreme Court of Florida, in affirming this court's decision in Bussey, expanded the rationale into 'quasithird party beneficiary contract,' but a very careful study of the Bussey decision convinces us there was no effort to enlarge upon the limits of liability of the insurance company beyond that stated in the policy. The basic and fundamental holding of the court in Bussey, regardless of theory upon which founded, was that an insurance carrier could be made a direct party defendant and bound to the plaintiff for the maximum limits of the policy, if recovery was granted.' 237 So.2d at 248.
 
 
 [3]
 Special circumstance (a), supra. Automobile policies in Florida have customarily not contained such a provision for many years. The standard form policy was revised shortly after the early Florida Supreme Court decision of Auto Mutual Indemnity Co. v. Shaw (Fla.1938), 134 Fla. 815, 184 So. 852. Special circumstance (a), then, had no more than historical interest for over thirty years
 
 
 [4]
 The Florida court noted that in the only Florida decision permitting recovery by a judgment creditor under such circumstances, the judgment creditor had an assignment of the valid bad faith claim from the judgment debtor-- insured. Taht case was McNulty v. Nationwide Mutual Insurance Company (Fla. DCA 3rd 1969) 221 So.2d 208
 This is the special circumstance (b) we noted at the outset. The third special circumstance (c), statutory authority, to sue, is of course concededly not present in this case.