**ESCAMBIA TREATING COMPANY, a Florida Corporation, Plaintiff,**

v.

**AETNA CASUALTY & SURETY COMPANY, a Connecticut Corporation, Defendant.**

**No. PCA 75–148.**

United States District Court,
N. D. Florida,
Pensacola Division.

Nov. 5, 1976.

---

**9.** See *Coolidge v. New Hampshire*, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971).

H. Edward Moore, Jr., Sherrill & Moore, Pensacola, Fla., George D. Gabel, Jr., Wahl & Gabel, Jacksonville, Fla., for plaintiff.

Fletcher Fleming, Shell, Fleming, Davis & Menge, Pensacola, Fla., Ralph E. Smith, Deutsch, Kerrigan & Stiles, New Orleans, La., for defendant.

## MEMORANDUM DECISION

ARNOW, Chief Judge.

This case is brought under the diversity jurisdiction of the federal courts, 28 U.S.C. § 1332, and presents an unresolved question of Florida law. Substantive state law, of course, controls.

■ Presented here is an issue pertaining to Florida law on which its courts have not ruled. Thus, this court must try to determine what the Florida courts would hold, were the issue before them.

If Florida had, as Alabama has, a provision permitting a federal district judge to certify such questions to its court, this question would be certified to it by this court.

■ As it stands, this court concludes that under Florida law defendant has the implied duty under its contract of insurance to proceed in good faith and deal fairly with its insured. The insurer has liability, sounding in tort, with right of recovery of damages when, in violation of that duty, it unreasonably and in bad faith withholds payment to its insured.

If this court could certify the question to the Florida Court, and is wrong in so concluding, the matter would stop here. Since it cannot so certify, the parties are now faced with the time and expense of trial. If plaintiff prevails, then there probably will be appeal to Fifth Circuit Court of Appeals, with probable certification there

to Florida's court. So, if this court is wrong in its conclusion, its inability to certify to the Florida court means time lost and expense incurred by the parties, and judicial time, both in this court and by the court of appeals, which must consider and determine the point on appeal.

If this court is right in its conclusion, and plaintiff prevails, the probability of appeal by defendant on the point, with the consequent time and expense for the parties and resulting expenditure of judicial time in the court of appeals, is high.

If plaintiff does not prevail, then there will be nothing to present to the Florida court. But, if the question could be now certified by this court to it, it would not only facilitate resolution of this litigation, but would establish binding precedent for all other cases of this type arising in Florida. The certification procedure of Florida now existing recognizes that the principle of certification to it is sound.

The precise question facing the court is whether Florida would recognize a cause of action based on breach of a duty, arising out of an insurance contract, to deal fairly and in good faith with an insured in the processing and payment of the insured's claims. Plaintiff alleges that certain "intentional, malicious and fraudulent acts of the defendant were for the purpose of depriving the plaintiff of benefits obviously due under its policy," and that there has been a complete lack of good faith dealing on the part of the defendant with its insured, such as to constitute tortious interference with a protected property interest.

The court concludes that Florida law imposes an implied duty on the defendant insurance company to deal fairly and in good faith with its insured. That duty arises out of the insurance contract, and a bad faith and unreasonable refusal to pay the valid claims of the insured is a breach of that duty imposing liability in tort upon the insurance company.

California is the leading jurisdiction allowing tort recovery for such breach of implied duty to deal fairly and in good faith. *Fletcher v. Western National Life*

*Ins.*, 10 Cal.App.3d 376, 89 Cal.Rptr. 78, 47 A.L.R.3d 286 (1970); *Gruenberg v. Aetna Ins. Co.*, 9 Cal.3d 566, 108 Cal.Rptr. 480, 510 P.2d 1032 (1973); *Silbert v. California Life Ins. Co.*, 11 Cal.3d 452, 113 Cal.Rptr. 711, 521 P.2d 1103 (1974). These cases are characterized by rather extreme facts; they reflect the policy or concept that an insured purchases insurance and not an unjustified court battle when he enters into the insurance contract.

In *Fletcher, supra*, the California Supreme Court first recognized an independent tort in this case and labeled the action "a tortious interference with a protected property interest of its insured." The court stated:

An insurer owes to its insured an implied-in-law duty of good faith and fair dealing that it will do nothing to deprive the insured of the benefits of the policy.
:   .   .

.   .   . [T]he implied-in-law duty of good faith and fair dealing imposes upon a disability insurer a duty not to threaten to withhold or actually withhold payments, maliciously and without probable cause, for the purpose of injuring its insured by depriving him of the benefits of the policy .   .   . the violation of that duty sounds in tort notwithstanding that it also constitutes a breach of contract.

10 Cal.App.3d at 401, 89 Cal.Rptr. at 93, 47 A.L.R.3d at 305.

*Gruenberg v. Aetna Ins. Co., supra*, provided clear analysis of the emerging cause of action:

It is the obligation, deemed to be imposed by the law, under which the insurer must act fairly and in good faith in discharging its contractual responsibilities. Where in so doing, it fails to deal fairly and in good faith with its insured by refusing, without proper cause, to compensate its insured for a loss covered by the policy, such conduct may give rise to a cause of action in tort for breach of an implied covenant of good faith and fair dealing. It is manifest .   .   . that in every insurance contract there is an implied covenant of good faith and fair dealing.

The duty to so act is imminent in the contract whether the company is attending to the claims of third persons against the insured or the claims of the insured . . . . Accordingly, when the insurer unreasonably and in bad faith withholds payment of the claim of its insured, it is subject to liability in tort.

The *Gruenberg* court reasoned that the "duty of the insurer to act in good faith and fairly in handling the claim of an insured, namely a duty not to withhold unreasonably payments due under a policy" was an extension of the existing duty imposed on the insured to "act in good faith and accept reasonable settlements" when suit is brought by a third person against the insured. Courts in this latter situation have often held insurance companies liable for judgments in excess of the policy limits if the company refused a reasonable settlement offer. The court concluded that "these are merely two different aspects of the same duty."

Florida courts have clearly recognized the insurer's duty to act in good faith and accept reasonable settlements. *Thompson v. Commercial Union Ins. Co.*, 237 So.2d 247 (Fla.App.1970); *Campbell v. Government Employees Ins. Co.*, 306 So.2d 525 (Fla. 1975); *See also Liberty Mutual Ins. Co. v. Davis*, 412 F.2d 475 (5th Cir. 1969); *Self v. Allstate Ins. Co.*, 345 F.Supp. 191 (M.D.Fla. 1972). Logically, the Florida courts would also accept the "aspect of the same duty" requiring the insurer to act fairly and in good faith in handling the claims of its own insured.

Several other cases from various jurisdictions have accepted the theory of recovery. *Eckenrode v. Life of America Ins. Co.*, 470 F.2d 1 (7th Cir. 1972); *Ledingham v. Blue Cross Plan for Hospital Care of Hospital Service Corporation,* 29 Ill.App.3d 339, 330 N.E.2d 540 (1975); *United Services Auto Assoc. v. Wesley,* 526 P.2d 28 (Alaska 1974); *Citizens Discount and Investment Corp. v. Dixon,* 499 S.W.2d 231 (Mo.App.1973).

Florida has no cases directly on point. *MacDonald v. Penn. Mut. Life Ins. Co.*, 276 So.2d 232 (Fla.App.1973), neither accepted nor rejected the cause of action. The court stated that "even if the Florida courts recognized such a cause of action, the case *sub judice* cannot be viewed as controlled by the principles in *Fletcher*. In that case, the conduct of the insurer was of such a heinous character that it met the requirements of the independent tort of intentional infliction of emotional distress."

While this may have been a fair reading of *Fletcher,* the later cases discussed, *supra,* indicate that the court misconceived the nature of the tort.

In *Campbell v. Government Employees Ins. Co., supra,* the Florida Supreme Court dealt with a case involving the first aspect of the insurer's duty to deal fairly and in good faith with the insured; i. e., the duty to fairly represent the insured's interest in settlement negotiations. The court found a breach of that duty and upheld an award of punitive damages with the following comment:

There has been a recent spate of cases, several out of California, (citing *Fletcher, supra*) that vividly underscore the point that insurance companies are vulnerable to punitive damage suits by their policyholders *when carriers attempt to deal with their insureds unethically.*
[Emphasis added.]

■ Furthermore, Florida law recognizes that an independent duty may arise out of contract and that breach of the duty may impose tort liability as well as liability for breach of contract. 32 Fla.Jur., *Torts,* Section 7; *Woodbury v. Tampa Water Works Co.,* 57 Fla. 249, 49 So. 556 (1909).

■ Under the thrust of these cases, tort liability does not result from the mere assertion of a weak and ultimately insufficient defense by the insurance company. The refusal to pay the insured's claim must be unreasonable and in bad faith.

Plaintiff on its claim also seeks punitive damages.

■ Since the violation of the duty of good faith and fair dealing is tortious in nature, punitive damages, as well as compensatory damages, are recoverable in the

proper case. A distinction must be drawn, however, between that conduct which gives rise to tort liability in the first instance and conduct that justifies imposition of punitive damages. While the outrageous conduct on the part of the insurer characteristic of many of the cases discussed is not an element of the tort, it may be evidentiary of "bad faith," and it is important in considering whether punitive damages are recoverable.

In *Silberg v. California Life Ins. Co.,* 11 Cal.3d 452, 113 Cal.Rptr. 711, 718, 521 P.2d 1103, 1110 (1974), the California Supreme Court discussed the distinction:

It does not follow that because plaintiff is entitled to compensatory damages that he is also entitled to exemplary damages. In order to justify an award of exemplary damages, the defendant must be guilty of oppression, fraud or malice. (Citing a California statute) . . . [W]hile we have concluded that defendant violated its duty of good faith and fair dealing, this alone does not necessarily establish that defendant acted with the requisite intent to injure plaintiff.

The court accordingly refused to uphold an award of punitive damages.

■ Florida law allows recovery of punitive damages where the acts complained of were committed "with malice, moral turpitude, wantonness, willfulness, outrageous aggravation, or reckless indifference to the rights of others." 9A Fla.Jur., *Damages,* Section 116; *Travelers Indemnity Co. v. Butchikas,* 313 So.2d 101 (Fla.App.1975). *Campbell v. Government Employees Ins. Co., supra,* allowed punitive damages in a case involving the first aspect of the duty to act fairly and in good faith; namely, to fairly represent the insured's interest in settlement negotiations. It follows that where the acts of the insurer are of the nature described above, Florida law would permit recovery of punitive damages, in addition to any compensatory damages.

In summary, the court concludes that Florida law recognizes an implied duty on the part of an insurance company to deal fairly and in good faith with its insured.

The duty arises out of the insurance contract, and an unreasonable, bad faith refusal to pay the valid claim of the insured is a breach of that duty and imposes liability sounding in tort. The plaintiff in such an action may recover compensatory, and in the proper case punitive, damages in accordance with existing Florida law.

Order will be entered denying defendant's motion for summary judgment on this claim of plaintiff.

## ORDER

This case is before the court on defendant's motion for summary judgment on plaintiff's second cause of action. Rule 56(b), Fed.R.Civ.P. The court has extensively reviewed the pleadings, depositions and other matter in the file and has concluded that summary judgment should be granted in part and denied in part.

■ Plaintiff contends that the allegations of the second cause of action support three theories of recovery: an action for common law fraud and deceit; an action for violation of F.S. § 626.956; and an action for bad faith denial of plaintiff's insurance claim constituting a tortious interference with a protected property interest. A loose construction of the second cause of action would support that contention. Both an action for fraud and deceit and any potential action under F.S. § 626.956, however, require "misrepresentations" by the defendant. The court concludes that there is no genuine issue of fact in this regard and that the statements relied upon by the plaintiff do not rise to the level of misrepresentations. To that extent, the motion for summary judgment should be granted.

■ Plaintiff contends that statements made by agents of the defendant indicating that there was no problem with policy coverage were false and that Aetna at all times intended to deny policy coverage. However, the depositions clearly establish that at all times Aetna's agents stated, and the representatives of the plaintiff were aware, that the final decision as to policy coverage had to come from Aetna's home

office and that Aetna's representatives had no authority to bind the company.

(*See* depositions of *Weller,* p. 23; *Davis,* pp. 45, 49 and 59; *Soule,* p. 9; *Brown,* p. 60.)

■ Although the court has determined that plaintiff cannot proceed on either fraud or on violation of F.S. § 626.956, it has reached the conclusion, for reasons pointed out in memorandum decision of this date, plaintiff may proceed in tort for Aetna's alleged breach of an implied duty to deal fairly and in good faith in settling the plaintiff's claim under the insurance contract. Material questions of fact regarding Aetna's actions in denying policy coverage have been raised, and summary judgment on this claim is, therefore, inappropriate.

It is, therefore,

ORDERED:

1. Defendant's motion for summary judgment as to plaintiff's second cause of action is granted to the extent that plaintiff cannot proceed for fraud and deceit or for a violation of F.S. § 626.956.

2. As to plaintiff's cause of action for alleged breach of the implied duty to deal fairly and in good faith, the motion for summary judgment is denied.