Emil C. Wetten, Appellant, v. Carl Horix, Defendant.
Clicquot Club Company, Appellee.

Gen. No. 40,770.

Opinion filed
April 15, 1941. Rehearing denied May 5, 1941.

WETTEN, PEGLER & DALE, of Chicago, for appellant;
GREYDON L. WALKER, of Chicago, of counsel.

JOHN H. PASSMORE, of Chicago, for appellee; JAMES WALKER MILNE, of Chicago, of counsel.

MR. JUSTICE JOHN J. SULLIVAN delivered the opinion of the court.

Judgment for $4,724.50 was entered by confession in favor of plaintiff, Emil C. Wetten, and against the defendant Carl Horix. Execution was served upon defendant by the sheriff and returned "No property found and no part satisfied." Plaintiff filed an affidavit in garnishment and caused a summons in garnishment and interrogatories to be served on the garnishee, Clicquot Club Company. The garnishee filed an amended answer to the interrogatories. Plaintiff filed a traverse of said answer. The garnishee filed a written motion to strike plaintiff's traverse and to dismiss the garnishment proceeding and discharge the garnishee. Although the trial court denied the motion to strike plaintiff's traverse, it entered an order allowing the motion to dismiss the garnishment proceeding and discharge the garnishee. This appeal is from that order.

Of the interrogatories filed by plaintiff it is only necessary to consider the "7th," which is as follows: " 'Had you at the date of the service of the said writ any contract or agreement with said Carl Horix providing for the payment of any royalties by you to him? If so, describe the same fully, giving the amount of said royalties, the time or times when they shall become due and payable, and describe the same fully and particularly.' "

The amended answer of the garnishee to the foregoing interrogatory alleged substantially that a contract was entered into between the garnishee and Horix on December 4, 1936, which required the garnishee under certain conditions to pay royalties to the judgment debtor and that the garnishee did pay thereunder a total of approximately $3,000 in royalties; and

that thereafter the garnishee discovered that it had been defrauded by Horix in that he had induced it to enter into the contract by making false representations of material facts, which he knew to be untrue. The alleged misrepresentations were then set forth fully and with particularity.

The answer further alleged that ''a certain supposedly secret formula, to which defendant claimed to have the sole right and which by the agreement he purported to license to the garnishee, was worthless and that the defendant did not have the sole right to such formula''; that the garnishee, relying upon the said false representations, entered into the agreement and as a result of defendant's said fraud suffered great losses; that when the garnishee discovered that ''it had been imposed upon and defrauded by the said Carl Horix, as above set forth, it thereupon cancelled the said supposed contract and declared it to be void from the beginning.''

The answer then alleged the considerations which the garnishee was to receive from the defendant under the terms of said agreement; that ''the defendant failed and refused to deliver any of the said considerations to the garnishee''; and that the garnishee ''is not and never has been bound under or by reason of the said memorandum of agreement.''

Under the royalty contract, which was attached to and made a part of its amended answer, the garnishee was granted by defendant an exclusive license under certain letters patent and under a certain trade-mark to manufacture and sell a beverage covered by said patent and defendant agreed to furnish certain assistance in the equipment of the garnishee's plant. The contract provided that the garnishee would pay defendant a royalty on the number of bottles of the beverage manufactured and sold by it, ''the minimum royalty'' to be $3,000 a year during the life of the patent.

Plaintiff's traverse of the garnishee's amended answer is as follows:

"The plaintiff denies that the defendant Carl Horix made any false or fraudulent representations to the garnishee for the purpose of inducing it to enter into the written contract set out in the Amended Answer, and denies that the garnishee relied upon any false or fraudulent statements of said defendant Carl Horix in entering into said contract, and denies that the garnishee has ever for any reason cancelled said supposed contract or declared it to be void.

"Plaintiff denies that the defendant Carl Horix has in any manner breached or failed or refused to perform the provisions of the agreement set out in the Amended Answer of the garnishee.

"Plaintiff says that the Clicquot Club Company, garnishee, has not truly discovered the money, choses in action, credits and effects in its possession, custody or charge, or from it due and owing to the defendant at the time of the service of the writ or at any time thereafter, or which shall or may thereafter become due. . . ."

Plaintiff's theory is that "he was and is entitled to a trial on the merits as to the truth or falsity of the garnishee's answer to the seventh interrogatory, the questions of fact to be tried being specifically those raised by the allegations in the amended answer of fraud and breach of contract"; and that "under the amended answer and the contract, the indebtedness of the garnishee to the defendant Carl Horix, if any exists, was both definite and liquidated, and that the question as to whether any such liability exists was one which the garnishment court had both the power and the duty to try."

The theory of the garnishee, as stated in its brief, is "that the allegations contained in the Garnishee's Amended Answer and in the Plaintiff's Traverse raised issues of fact which could not lawfully be tried nor determined in a garnishment proceeding—that the

court had no jurisdiction to try these issues in a garnishment case. That they could be tried only in a suit directly between the judgment debtor, Carl Horix, and the garnishee, Clicquot Club Company. The remedy of garnishment is statutory and hence can be used only in those cases which come within the statutory provisions. When the pleadings in a garnishment case raise only the question as to the amount owed by the garnishee to the defendant, that question can be determined in the garnishment proceeding; but when the garnishee's answer denies the existence of the contract upon which the supposed indebtedness depends, and pleads facts which make any such indebtedness uncertain, unliquidated, and contingent, the issues thus raised cannot be tried in a garnishment proceeding.''

A judgment creditor may pursue his remedy in garnishment for any indebtedness of the garnishee to the judgment debtor which is a definite certain obligation. Plaintiff insists that the judgment debtor and the garnishee entered into a valid contract under the terms of which the latter was bound to pay the former $3,000 a year minimum royalties and that this amount was neither contingent nor unliquidated. The garnishee admits the execution of the contract but claims in its answer that it was procured by fraud and that there was a total failure of consideration. It is idle for the garnishee to urge that merely because its answer alleged fraud and failure of consideration that the court was thereby deprived of jurisdiction to try the issues of fact raised by such answer and plaintiff's traverse thereof, which specifically challenged the truth of said answer. The issues of fact both as to fraud and total failure of consideration are clear cut and well defined and must be determined not on the pleadings but by the evidence produced upon the hearing on the issues raised by such pleadings.

Inasmuch as the garnishee asserted in its answer that it had canceled the contract prior to the time it was served with process, there can no longer be any

question of contingency in regard to same since a contingent claim is one where liability hinges upon some future event which may or may not occur. According to the answer of the garnishee everything had already occurred that could have possibly affected the rights of the parties to the contract.

The indebtedness from the garnishee to the judgment debtor sought to be garnisheed is the definite sum of $3,000 a year during the life of the patent and that sum accrued without contingency each year unless the garnishee is able to prove that the contract in question was procured by fraud or that there was a total failure of consideration for same. We perceive no reason why the issues raised by the pleadings cannot be tried just as well in this garnishment proceeding as in an action brought directly by Horix against the garnishee. If plaintiff were not permitted to proceed with this garnishment proceeding and is compelled to await the outcome of a suit by defendant against the garnishee, in all probability he would be deprived of the benefit of any rightful claim he may have against the garnishee. The defendant might never sue the garnishee. He might settle with the garnishee. If he did sue and recover a judgment against the garnishee, such judgment might be paid before plaintiff was able to procure any benefit from it.

We think that plaintiff's claim clearly comes within the purview of the Garnishment Act (ch. 62, Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 109.284 *et seq.*]), and that the issues of fact raised by the pleadings may be properly tried in a garnishment proceeding.

The recent case of *Zimek v. Illinois National Casualty Co.,* 370 Ill. 572, is squarely in point and decisive of the questions presented here. There the court said at pp. 575, 576, 577:

''The contention of the casualty company is that the claim against it is not subject to garnishment because it is contingent and unliquidated. The statute

permits garnishment process against any person 'supposed to be indebted' to the judgment debtor. (Ill. Rev. Stat. 1937, chap. 62, par. 1.) This court has recognized the general rule that the indebtedness sought to be garnisheed must be a liquidated sum due without contingency at the date when the answer to the garnishment suit is filed. (*Wheeler v. Chicago Title and Trust Co., supra; Capes v. Burgess,* 135 Ill. 61.) Usually it must be a claim on which the judgment debtor, himself, could have maintained an action against the garnishee. (Shinn on Attachment and Garnishment, secs. 475–483; 28 Corpus Juris, p. 44.) In the present case it is said the claim is contingent because the casualty company denies that it is liable to Zimek under the terms of the policy of insurance. But defendant misconceives the nature of a contingency contemplated by the rule. A contingent claim is one where liability hinges upon some future event, which may or may not occur; it is dependent upon some condition as yet unperformed. (*Grand Lodge I. O. O. F. v. Troutman,* 103 Pac. (Kan.) 94.) Here, whatever right Zimek has against the company has vested; all the events which can fix the garnishee with liability have taken place. It only remains to be determined whether those events make the casualty company 'liable to Zimek. This issue may properly be decided by garnishment proceedings. When the garnishee denies liability, one of the objects of the garnishment suit is to ascertain whether there is a debt due from the garnishee to the judgment debtor. (*Fentress v. Rutledge,* 125 S. E. (Va.) 668.) Thus, the denial of liability by the garnishee does not create a contingency which will prevent garnishment. If we held otherwise, garnishment process by a creditor could be defeated in every case by the garnishee's denial of indebtedness to the judgment debtor. Neither is the claim against the garnishee unliquidated. . . . Where the amount due may be ascertained by

computation or reference to the contract out of which the claim arises it is a liquidated claim for purposes of garnishment. 28 Corpus Juris, p. 136; *Capes v. Burgess, supra* [135 Ill. 61].

" . . . The company insists that because Zimek would have had to sue on the contract of insurance instead of bringing an action of debt or *indebitatus assumpsit,* garnishment proceedings cannot be invoked. But the form of action in which the judgment debtor could have recovered from the garnishee can make no difference here, so long as the indebtedness of the garnishee is liquidated and not contingent upon a future event. A determination of whether an action of debt or *indebitatus assumpsit* will lie against the garnishee is merely a convenient test to ascertain whether the claim is liquidated and not contingent. In *Capes v. Burgess, supra,* where we had occasion to refer to such a test, we held the claim was unliquidated and for that reason could not be garnisheed."

We have read and carefully considered the authorities cited by the garnishee but we do not feel that it would serve any useful purpose to discuss them, since they are either readily distinguishable or entirely inapplicable on the facts.

For the reasons stated herein the judgment order of the superior court dismissing the garnishment proceeding and discharging the garnishee is reversed and the cause remanded with directions to try the case upon its merits.

*Judgment order reversed and cause remanded with directions.*

FRIEND, P. J., and SCANLAN, J., concur.