Louis Harris, Plaintiff-Appellant, v. Valen Construction Co., Inc., an Illinois Corporation, Defendant, and Calumet Federal Savings & Loan Association of Chicago, a Corporation of the United States of America, Garnishee Defendant-Appellee.

Gen. No. 49,212.

First District, First Division.

May 11, 1964.

Shaffer, Seelig, Mandel, and Shapiro, of Chicago (Floyd N. Nadler, of counsel), for appellant.

Mortimer, Ryan, McKay & Hoffman, of Chicago, for appellee.

MR. JUSTICE BURMAN delivered the opinion of the court.

The plaintiff, Louis Harris, appeals from an order of the Municipal Court striking his motion for judgment against Calumet Federal Savings and Loan Association, garnishee defendant, and dismissing the garnishment action. The matter arises solely on the pleadings. No evidence was heard. The facts are not in dispute.

The pertinent factual situation as it appears from the record shows that the plaintiff, Louis Harris, is a judgment creditor of Valen Construction Co., Inc. On May 14, 1962, a judgment by confession was entered of record in favor of Louis Harris and against Valen Construction which arose out of a claim having no relationship to the present fact situation. Valen Construction was engaged as a carpenter contractor in the construction of two buildings located at 6327 and 6331 South Kenwood Avenue. Jordan Mastrofsky and H. Miller were the general contractors. Valen Construction rendered its services pursuant to contract on these buildings which were held in trust by Harris Trust and Savings Bank as trustee, under Trust No. 30405. Mastrofsky and Miller were beneficiaries under this trust. The Bank, as trustee, mortgagor, executed two mortgages to Calumet Federal Savings and Loan Association, the garnishee defendant, as mortgagee who under the terms of the mortgage contract made funds available for payouts on the aforementioned properties.

On November 30, 1962, a summons in garnishment, affidavit for garnishment, notice to garnishee defendant and interrogatories were served upon the garnishee defendant, Calumet Federal by plaintiff. Calumet in answer to questions put before it by the interrogatories denied that it was indebted to the judgment debtor, Valen Construction, or that it had in its possession, custody or control any property belonging to the judgment debtor or in which the judgment debtor had an interest. Subsequently, in response

to a subpoena duces tecum the books and records of Calumet concerning the construction projects in question were examined. The records indicated that at the date on which Calumet had answered the interrogatories it had in its possession sums of money which were to be disbursed pursuant to the terms of the mortgage contract, and that subsequently Calumet paid to Mastrofsky the sum of $4,000 for carpentry on the 6331 South Kenwood building. A partial waiver of lien was executed by Valen for the sum of $4,000 and the waiver was attached to the payout order. Calumet's records also indicated that other payouts had been made to Mastrofsky and Miller.

█ The controlling question is whether the funds of a mortgagee pursuant to a construction loan agreement are subject to garnishment by a judgment creditor of a contractor.

Garnishment is a statutory proceeding unknown to the common law. The purpose of garnishment under the Garnishment Act, SHA ch 62, § 1 et seq., is to make the assets of a judgment debtor available for satisfaction of adjudicated claims, and to reach property belonging to a judgment debtor where the judgment debtor has no property in his possession liable to execution. 20 ILP Garnishment sec 2.

█ It is essential that in order to hold the Loan Association liable as garnishee it must appear that it has property belonging to Valen, the judgment debtor, in its possession and under its control. The test which is used to substantiate this claim is whether Valen could maintain an action at law against Calumet. Zimek v. Illinois Nat. Casualty Co., 370 Ill 572, 19 NE2d 620. The right of a creditor against a garnishee cannot by garnishment rise higher than the right of the debtor against the garnishee. Morris v. Carroso, 292 Ill App 620, 11 NE2d 816.

█ Plaintiff has furnished us with no authority which would sanction garnishment procedure against

267

the Loan Association, mortgagee. The disbursement of mortgage funds could only be made in conformity with the terms of the mortgage agreement and only to the mortgagor or pursuant to the mortgagor's express directions. Calumet Federal had no authority to make payouts to anyone else and indeed such an action would have breached its mortgage contract. This Court has recognized the general rule that the indebtedness sought to be garnished must be a liquidated sum due without contingency at the date when the answer to the garnishment suit is filed. Wheeler v. Chicago Title & Trust Co., 217 Ill 128, 75 NE 455; Wetten v. Horix, 309 Ill App 535, 33 NE2d 615. The only sum which Calumet Federal held at the time it was served with garnishment summons were funds due to the order of mortgagor and not to Valen. The only way in which Valen, and thus the plaintiff, could have an action against Calumet would have been under the totally unfulfilled contingency that the mortgagor had ordered the Loan Association to make direct payment to Valen. This was not alleged. There was surely no privity of contract between Calumet and Valen and there were no other factors sufficient to support a garnishment suit. Accordingly the judgment of the Municipal Court is affirmed.

Affirmed.

MURPHY, P. J. and KLUCZYNSKI, J., concur.