CASEY STEVENSON, Plaintiff-Appellant, v. AUGUST SAMKOW, Defendant (State Farm Fire & Casualty Company, Garnishee-Defendant-Appellee).

First District (3rd Division) No. 85—921

Opinion filed March 31, 1986.

Ronald S. Fishman, of Chicago, for appellant.

Querrey, Harrow, Gulanick & Kennedy, Ltd., of Chicago (Victor J. Piekarski, Dennis A. Marks, and Michael Resis, of counsel), for appellee.

JUSTICE McNAMARA delivered the opinion of the court:

After plaintiff Casey Stevenson obtained a consent judgment against defendant August Samkow for personal injuries, plaintiff filed a garnishment action against defendant's insurer, State Farm Fire & Casualty Company. The trial court granted summary judgment in favor of State Farm on the ground that defendant breached the insurance agreement by entering into a settlement without State Farm's permission. The trial court also found that plaintiff retained no claims in the garnishment proceeding because any remaining cause of action for State Farm's bad faith in refusing to settle or defend belonged to defendant or his assignee. The dismissal was entered without prejudice to defendant's rights against State Farm. The trial court also denied plaintiff's request to file supplemental proceedings against State Farm.

On July 20, 1980, plaintiff sustained personal injuries when he was shot by defendant. Defendant's homeowner liability insurer, State Farm, informed defendant that a conflict of interest existed due to State Farm's contention that the shooting was excluded from coverage because it was an intentional act. State Farm defended the case under a reservation of rights, and thus defendant was represented by his personal attorney. (See, e.g., Thornton v. Paul (1978), 74 Ill. 2d 132, 384 N.E.2d 335.) On January 29, 1984, an $87,500 consent judgment was entered in favor of plaintiff against defendant, pursuant to a settlement agreement wherein the parties agreed that plaintiff would enforce the judgment against State Farm's policy and not against defendant's other assets.

Plaintiff subsequently initiated this garnishment proceeding against State Farm in order to satisfy the $87,500 judgment. State Farm sought summary judgment, stating that no liability existed under the policy for two reasons. First, the underlying act of shooting the plaintiff was intentional and thus fell under a policy exclusion.

Second, the insured breached the terms of the policy by settling the case without State Farm's permission. Thereafter the trial court granted State Farm's motion for summary judgment on the basis that the insured breached the terms of the agreement. The order also stated that "the alleged bad faith of the insurer, State Farm, is not part of these proceedings, nor can it be raised by this judgment creditor in a garnishment proceeding and, therefore, the garnishment is dismissed."

Plaintiff moved to vacate the order dismissing the garnishment, and also sought leave to file a supplemental proceeding against State Farm. On March 7, 1985, the trial court denied the motion to vacate and denied the request to file a supplemental proceeding. At the hearing, the trial court commented on the basis for dismissing the garnishment proceeding, finding that after summary judgment was entered for State Farm the only remaining cause of action for plaintiff would be as assignee of defendant's cause of action against State Farm for bad faith. "[T]he court feels that this cause of action belongs to the judgment debtor. It's a personal action for [defendant] for bad faith and breach of contract so it's not garnishable. In these proceedings, any items that he has by way of liquidated or unliquidated damages, it is essential for him to be a party in those proceedings. He must be a party and take part in those proceedings, since it is his cause of action that's being liquidated, and it will not be tried twice." The order of dismissal recited that it was entered without prejudice to any action defendant may take against State Farm.

We first address the issue of whether the trial court properly dismissed the garnishment proceeding. Plaintiff maintains that the trial court erroneously dismissed the proceeding on the ground that the garnishment action was an improper remedy, and that the trial court failed to address all the issues before it.

■■ ■ A garnishment proceeding is an improper remedy when a judgment creditor is seeking a contingent or unliquidated asset, and the trial court need not decide claims based on unliquidated assets. (See Ill. Rev. Stat. 1983, ch. 110, par. 12—701 et seq.; Powell v. Prudence Mutual Casualty Co. (1967), 88 Ill. App. 2d 343, 232 N.E.2d 155.) The question of whether a valid contractual obligation exists between the defendant and the garnishee can be a proper issue in a garnishment proceeding. (See, e.g., Wetten v. Horix (1941), 309 Ill. App. 535, 33 N.E.2d 615.) Here, the issue of whether the garnishee, State Farm, had any contractual obligation to defendant after defendant entered into a settlement agreement without the garnishee's permission was properly raised before, and decided by, the trial court. The trial

court did not indicate this issue was improper because the claim was unliquidated, and in fact based its grant of summary judgment on its holding regarding this issue.

 ▌ After awarding summary judgment in favor of State Farm, the trial court held that the issue of whether a bad-faith cause of action existed was not proper in the garnishment proceeding. The court based its holding on the fact that a personal action of defendant against State Farm was not garnishable by plaintiff. Liability of an insurer may not be directly enforced by a third party. (See *Scroggins v. Allstate Insurance Co.* (1979), 74 Ill. App. 3d 1027, 393 N.E.2d 718; *Yelm v. Country Mutual Insurance Co.* (1970), 123 Ill. App. 2d 401, 259 N.E.2d 83.) Plaintiff may not, therefore, maintain a direct action against State Farm. Moreover, a judgment creditor of an insured may not bring an action against the insurer under the Illinois garnishment statute when insurer-garnishee is not in possession in custody or control of the asset. (*Powell v. Prudence Mutual Casualty Co.* (1967), 88 Ill. App. 2d 343, 232 N.E.2d 155 (judgment creditor has no remedy under garnishment statute against insurer of judgment debtor because allegation of insurer's bad faith was a contingent, unliquidated claim where damages could not be ascertained prior to judgment on that claim).) Here, State Farm is not in possession or control of defendant's cause of action for bad faith against State Farm. Thus, it is unliquidated and not an asset that the judgment creditor can reach in the garnishment proceeding.

██ Plaintiff cites several cases where claims were held to be liquidated and therefore proper subjects for attachment in the garnishment proceedings. These cases, however, are distinguishable because they involve clearly ascertainable claims defendants had against the garnishees. (See *Zimek v. Illinois National Casualty Co.* (1939), 370 Ill. 572, 19 N.E.2d 620 (garnishment action properly included issue of whether insurer could deny coverage under policy exclusion for persons driving car without permission of insured); *Shook v. Tinny* (1984), 122 Ill. App. 3d 741, 461 N.E.2d 642 (garnishment action properly included issue of whether insurer could deny coverage under policy exclusion for intentional acts); *Ray v. Johnson* (1967), 81 Ill. App. 2d 456, 225 N.E.2d 158 (garnishment action properly included issue of whether insured could deny coverage when insured failed to cooperate with defense of action).) These cases involved denial of an insurance claim with an ascertainable amount requested. In contrast, the present case involves a cause of action where the insurer, State Farm, potentially might have to pay the insured an unknown amount of damages for its bad faith in failing to settle in the personal injury

suit between plaintiff and defendant. For these reasons, we find that the trial court properly dismissed plaintiff's garnishment action after granting summary judgment in favor of State Farm. We note that the dismissal was without prejudice to defendant's possible action against State Farm or to plaintiff's action if defendant assigns the cause of action to plaintiff.

In support of his position, plaintiff also asserts the validity of a covenant to execute a judgment only against insurance proceeds, and not against personal assets. (See generally *Bishop v. Crowther* (1981), 101 Ill. App. 3d 933, 428 N.E.2d 1021; *Elas v. State Farm Mutual Automobile Insurance Co.* (1976), 39 Ill. App. 3d 944, 352 N.E.2d 60; compare *Childress v. State Farm Mutual Automobile Insurance Co.* (1968), 97 Ill. App. 2d 112, 239 N.E.2d 492. See also, 7C J. Appleman, Insurance Law & Practice sec. 4714, at 538 n.46 (1979).) We need not address the issue of the covenant's validity because the existence or validity of the covenant does not affect our finding that State Farm holds no assets which plaintiff can reach in a garnishment proceeding. With no assignment, plaintiff may not assert defendant's bad-faith cause of action against State Farm—with or without the covenant.

■ Plaintiff next contends that the trial court erred in denying his request to file supplemental proceedings against State Farm under section 2—1402 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—1402). Section 2—1402 permits supplemental proceedings to discover assets of a debtor not exempt from the enforcement of a judgment. The only asset relevant here is the cause of action for bad faith and, as stated above, that asset is in the possession of the judgment debtor, not State Farm. Moreover, this is consistent with Supreme Court Rule 277(a), which permits supplemental proceedings to discover assets when the property, income, or indebtedness was not known to the judgment creditor during the pendency of any prior supplementary proceedings. Thus, plaintiff could not satisfy Supreme Court Rule 277(a), which requires an affidavit showing that the judgment creditor was unaware of the indebtedness. Moreover, plaintiff has failed to define an asset he may properly seek in the supplemental proceeding. The insured's cause of action against State Farm for wrongful failure to settle or defend under the policy is not under State Farm's control, as discussed above.

Plaintiff relies on *Second New Haven Bank v. Kobrite, Inc.* (1980), 86 Ill. App. 3d 832, 408 N.E.2d 369, where the judgment creditor, and not the insured defendant, had filed proof of loss after a fire on defendant's property. The court held that the judgment creditor had

acquired a sufficient interest to file the proof of loss, and that thus the insurer garnishee did hold assets in the nature of insurance proceeds. In contrast, the insurer in the present case does not hold assets in the nature of insurance proceeds following the summary judgment. An insurer's refusal to settle does not automatically render the insurer liable to the insured. (*Kavanaugh v. Interstate Fire & Casualty Co.* (1976), 35 Ill. App. 3d 350, 342 N.E.2d 116.) The insurer will only be required to pay out money relating to this policy if the defendant is successful in the bad-faith action against the insurer. The insurer, therefore, holds no assets which the plaintiff could reach in a supplemental proceeding. The trial court properly denied plaintiff's request to file supplemental proceedings against State Farm.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

RIZZI, P.J., and WHITE, J., concur.