THOMAS POULOS *et al.*, Plaintiffs-Appellants, v. RICHARD A. LITWIN *et al.*, Defendants (Gallo Equipment Company *et al.*, Citation Defendants-Appellees).

First District (1st Division)   No. 1—88—3744

Opinion filed December 29, 1989.

Alexander G. Poulakidas and James J. Karras, both of Chicago, for appellants.

Law Offices of M.C. Purmal, of Chicago (Marthe C. Purmal, of counsel), for appellees.

JUSTICE O'CONNOR delivered the opinion of the court:

This is an appeal from the dismissal of a citation to discover assets against defendant, Gallo Equipment Company. At issue is whether, under section 2—1402 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—1402), judgment creditors in a supplemental citation proceeding are entitled to a restraining order against a defendant in a personal injury suit brought by the judgment debtor in order to satisfy the creditor's claim against the proceeds if the judgment debtor's action is successful. We affirm.

Plaintiffs, James Poulos and Thomas Poulos, initially brought an action in forcible entry and detainer against defendant Richard A. Litwin. Judgment in the amount of $7,549.80 was entered in favor of plaintiffs. Following an appeal by defendant, this court held that defendant was entitled to a jury trial on the issue of damages. The matter was tried on May 31, 1988, and the jury found in favor of plaintiffs in the amount of $31,359.80.

Subsequent to the entry of that judgment, plaintiffs became aware that on January 27, 1988, defendant and his wife, Jacqueline Litwin, had filed a personal injury action in the circuit court of Cook County against Gallo Equipment Company (Gallo), TCM America, Inc. (TCM), and Grand Rock Company, case No. 88—L—1722. That case has not been resolved and has not gone to trial.

On August 6, 1988, plaintiffs issued citations to discover assets upon, *inter alia*, Margolis and Velasco, attorneys for Litwin, Marthe C. Purmal, attorney for TCM, and James Desveaux, attorney for Gallo. Marthe Purmal and Thomas Mangan, on behalf of Desveaux, filed motions to quash the citation proceedings, and on September 21, 1988, the proceedings against Purmal and Desveaux were dismissed with prejudice. Litwin, the judgment debtor, apparently never has been served with a citation to discover assets.

On October 5, 1988, pursuant to section 2—1402 (Ill. Rev. Stat. 1987, ch. 110, par. 2—1402), plaintiffs filed citations to discover assets against respondents Michael Gallo, president of Gallo, and TCM. Respondents were commanded to appear on October 28, 1988, to be examined under oath regarding property or income of or indebtedness due Litwin. Respondents were also directed to produce copies of any and all pleadings filed in case No. 88—L—1722. Following a hearing in which respondents argued that in order for the action to proceed, the indebtedness must be liquidated and due without contingency, the trial court dismissed the citations to discover assets with prejudice. Plaintiffs filed a motion to reconsider, which was denied, and plaintiffs appealed. Citation defendant TCM filed a motion to be dismissed from the appeal. That motion was granted, and the appeal remains pending only as to citation defendant Gallo. Just prior to oral argument, plaintiffs moved to stay this appeal on the basis that defendant Litwin had filed proceedings under chapter 7 of the Bankruptcy Code (11 U.S.C. §701 *et seq.* (1988)). That motion was denied.

The parties are in agreement that this is a case of first impression in Illinois in that plaintiffs are attempting to restrain the transfer of proceeds (if any) of an unliquidated, contingent personal injury claim.

■ The citation defendant initially raises a challenge to the court's jurisdiction. First, relying on *Moran v. Lala* (1989), 179 Ill. App. 3d 771, 781, 534 N.E.2d 1319, Galo argues that by failing to include the jurisdictional statement required by Supreme Court Rule 341(e)(4)(ii) (134 Ill. 2d R. 341(e)(4)(ii)), plaintiffs have waived argument on the issues raised. While failing to comply with supreme court rules can result in the waiver of the issues raised, we decline to do so here, de-

spite plaintiffs' omission of the jurisdictional statement, as there is no question but that the October 25, 1988, order was final and appealable.

■■ Defendant also, however, asks us to address the ruling in *Elg v. Whittington* (1988), 119 Ill. 2d 344, 518 N.E.2d 1232, which requires that an appeal from a judgment that is final as to one or more but fewer than all of the parties or claims must be filed within 30 days of an order containing a finding pursuant to Supreme Court Rule 304(a) (107 Ill. 2d R. 304(a)) that the order is final and appealable. Defendant claims that the order quashing the citation was a final judgment as to Gallo and TCM but not as to all of the parties, as the citation to discover assets as against Litwin had been continued from September 23, 1988, to October 28, 1988, and he had never been served. Defendant contends that as a result of the Rule 304(a) finding, the order quashing the citations became immediately appealable and the circuit court was divested of jurisdiction to entertain plaintiffs' motion to reconsider.

Despite the Rule 304(a) language, stating that there was "no just reason for delaying enforcement or appeal" (107 Ill. 2d R. 304(a)), this action was brought as a supplementary action pursuant to section 2—1402(a) of the Illinois Code of Civil Procedure. It was not piecemeal litigation as contemplated by Rule 304(a); thus, the Rule 304(a) language in the trial court's dismissal order was surplusage and the appeal period was not governed by the restrictions of *Elg v. Whittington*.

■■ Pursuant to section 2—1402(a), "It is not a prerequisite to the commencement of a supplementary proceeding that a certified copy of the judgment has been returned wholly or partly unsatisfied." (Ill. Rev. Stat. 1987, ch. 110, par. 2—1402(a).) Supreme Court Rule 277(g) (107 Ill. 2d R. 277(g)), provides: "Supplementary proceedings against the debtor and third parties may be conducted concurrently or consecutively. The termination of one proceeding does not affect other proceedings not concluded." Thus, for purposes of appeal, the supplementary proceeding filed against TCM was a separate action, and plaintiffs' appeal following the denial of their motion to reconsider was timely.

The sole question remaining is whether the citations to discover assets were improperly quashed.

■■ Section 2—1402 of the Illinois Code of Civil Procedure, which governs supplementary proceedings, provides:

"A judgment creditor *** is entitled to prosecute supplementary proceedings for the purposes of examining the judgment

debtor or any other person to discover *assets or income* of the debtor \*\*\*." (Emphasis added.) Ill. Rev. Stat. 1987, ch. 110, par. 2—1402.

Although plaintiffs do not argue that the citation defendant currently possesses either assets or income of the judgment debtor, they contend that, consistent with *In re Marriage of Rochford* (1980), 91 Ill. App. 3d 769, 775, 414 N.E.2d 1096, a lien on intangible property, such as the contingent personal injury claim here, may be created by instituting proceedings to discover assets. We disagree. While the court in *Rochford* noted that a lien on intangible property may be created by instituting proceedings to discover assets, it does not necessarily follow therefrom that a restraining order may be directed to a defendant in a judgment debtor's personal injury suit.

The judgment creditor in *Rochford* was attempting to reach the judgment debtor's seat on the Chicago Mercantile Exchange to satisfy a debt. The court defined the seat on the Exchange as intangible personal property, but property that could be bought or sold subject to certain limitations. The court, in *dicta*, suggested that the judgment creditor could have initiated citation proceedings against the judgment debtor to deliver "money, choses in action, property or effects in his possession or control, \*\*\* to which his title or right of possession is not substantially disputed." (*Rochford*, 91 Ill. App. 3d at 777.) In short, the court stated that the judgment creditor could have created a lien against the membership on the Exchange by instituting proceedings to discover the assets of the judgment debtor. The court did not suggest that the judgment creditor could have instituted proceedings against the Chicago Mercantile Exchange.

Plaintiffs also rely on *Kirchheimer Brothers Co. v. Jewelry Mine, Ltd.* (1981), 100 Ill. App. 3d 360, 426 N.E.2d 1110, to support their contention that a temporary restraining order against the citation defendants is permissible. In *Kirchheimer*, a judgment creditor served a citation to discover assets on an insurance company involved in a pending lawsuit over insurance coverage provided to a judgment debtor. The insurance company moved to quash the citation but the motion was denied. On appeal, the court affirmed, holding that an order temporarily restraining the insurance company from paying any money to the judgment debtor merely prevented the company from transferring funds which might become due to the debtor in the future. The court specifically relied upon section 73(4)(a) of the Illinois Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 73(4)(a)), the predecessor to section 2—1402. The distinguishing factor between *Kirchheimer* and the instant case is that, in *Kirchheimer*, the judg-

ment creditor was seeking to satisfy its judgment from the debtor's own insurance policy, which is an asset subject to citation proceedings. (See *Second New Haven Bank v. Kobrite, Inc.* (1980), 86 Ill. App. 3d 832, 835, 408 N.E.2d 369.) The citation defendant here, in contrast, is not the insurer of the defendant.

Plaintiffs also rely on *Vendo Co. v. Stoner* (1982), 108 Ill. App. 3d 51, 438 N.E.2d 933, for the proposition that citation proceedings may be effected to prohibit Gallo from making or allowing any transfer of property belonging to the judgment debtor or to which he may be entitled or which may thereafter be acquired or become due to him. In *Vendo*, a citation to discover assets was served on a bank holding certain United States Treasury notes which were an asset of the judgment debtor. The notes had been used as collateral for the loan from the bank, and there was a question as to whether the bank was entitled to a setoff. Thus, *Vendo* involved a readily defined asset of the judgment debtor that could be sold to pay a debt; it did not involve property to which he might become entitled in the future, and therefore, is not dispositive of the matter before us here.

In *Stevenson v. Samkow* (1986), 142 Ill. App. 3d 293, 491 N.E.2d 1318, the court addressed the use of citation proceedings under section 2—1401 in the context of a cause of action for bad faith. The court dismissed the citation proceedings on the grounds that the bad-faith cause of action was not an asset, income or property in the possession or control of the defendants. We believe the reasoning of *Stevenson* applies here, as Litwin's cause of action for personal injuries is not within the control of Gallo.

■■ The language of section 2—1402 (Ill. Rev. Stat. 1987, ch. 110, par. 2—1402) provides that citation proceedings are to be directed to "assets or income" of the debtor. Plaintiffs do not address that requirement, which is set out in the first paragraph of the statute. Instead, they rely on section 2—1402(d)(1), which states that a party may be restrained from transferring any "moneys *** which are due or to become due to the judgment debtor" as a basis to support a restraining order against Gallo. Subparagraph (d)(1), however, cannot be read without reference to the language in the statute referring to assets, property or income being held by a party other than the debtor. Read as a whole, the statute is intended to reach debts owed to the judgment debtor which would provide "moneys *** which are *** to become due." The Historical and Practice Notes to section 2—1402 state:

> "Section 2—1402(d)(1) should be construed just as the New York statute. It applies only to property of the judgment debtor

in the hands of the third party or property of the judgment debtor, if the citation is directed to him, which is subject to the supplementary proceeding." (Ill. Ann. Stat., ch. 110, par. 2—1402, Historical and Practice Notes, at 867 (Smith-Hurd 1983).) In light of this language, we conclude that the statute was not intended to encompass a claim by a judgment creditor against a defendant in a personal injury suit brought by the judgment debtor.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

MANNING, P.J., and CAMPBELL, J., concur.