In re FBN FOOD SERVICES, INC., Debtor.

James E. CARMEL, Trustee, Plaintiff,

v.

RIVER BANK AMERICA, a New York Banking Corporation, and Quest Equities Corp., a New York Corporation and Quest Realty Corp., a Delaware Corporation, Defendants.

Bankruptcy Nos. 91 B 08983, 92 A 0961.

United States Bankruptcy Court, N.D. Illinois, E.D.

Aug. 20, 1993.

Louis W. Levit, Ross & Hardies, Chicago, IL, for defendants.

John K. Kneafsey, Nisen & Elliott, Chicago, IL, for trustee.

James E. Carmel, Carmel, Baker & Marcus, Ltd., Chicago, IL, trustee.

## MEMORANDUM DECISION

SUSAN PIERSON SONDERBY, Bankruptcy Judge.

This matter comes before the Court on the Trustee, James E. Carmel's, Motion to Enjoin Quest Equities Corporation ("Quest") from prosecuting either its garnishment or citation to discover assets proceedings against Nisen & Elliot and Donald C. Shine. It further requests the Court make a finding of contempt and as a sanc-

tion therefore impose costs against Quest for expenses incurred by Nisen & Elliot in regard to the foregoing proceedings.[1] After having reviewed the parties' papers, the Court denies the Trustee's motion.

### JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. Section 1334 and General Rule 2.33(A) of the United States District Court for the Northern District of Illinois. This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A), (G) and (O).

### BACKGROUND

In April 1991, three creditors filed an involuntary petition under Chapter 7 against FBN Food Services, Inc. An order for relief was entered on June 13, 1991 and the United States Trustee named James E. Carmel the interim trustee on June 17, 1991. Anthony Basile and William Landberg were principals of the Debtor.

One year later, on July 1, 1992, the Court approved the retention of the law firm Nisen & Elliot to represent the Trustee. The Trustee retained Nisen & Elliot as special litigation counsel to prosecute an action to avoid and recover an allegedly fraudulent transfer of $1,400,000.00. The order retaining Nisen & Elliot provided that the firm was to be compensated pursuant to a contingency agreement based upon the amount of funds recovered. The Court authorized the Trustee to advance fees for costs and expenses as provided for in the document entitled Agreement for Borrowing and Advancement of Costs and Certain Fees ("Agreement"). On July 2, 1992, the Trustee filed an adversary proceeding against River Bank America and Quest.

After the order for relief was entered against FBN Food Services, Inc., Quest obtained a money judgment against William Landberg in the amount of $250,-185.00 in New York. On February 11,

---

**1.** A party seeking an injunction or other equitable relief must file an adversary proceeding pursuant to Federal Rule of Bankruptcy Procedure 7001(7). The Trustee has failed to file a complaint. Nevertheless, the Court will address the merits of the Trustee's motion and require the Trustee to pay the costs associated with filing an adversary proceeding. The Court will waive the Trustee's filing of an adversary complaint.

1993, Quest recorded its New York judgment in the State of Illinois. On April 14, 1993, Quest initiated a proceeding in state court to collect on its judgment and served Nisen & Elliot with an Affidavit and Garnishment Summons. On April 23, 1993, Quest caused a Citation to Discover Assets to be served upon Donald C. Shine, a partner of Nisen & Elliot. The state court judge consolidated the garnishment and citation proceedings to avoid duplicity.

The Trustee requests that this Court enjoin Quest from prosecuting either the garnishment or the citation to discover assets proceedings against Nisen & Elliot and Donald C. Shine, for a finding of contempt, and for sanctions against Quest for the costs incurred by Nisen & Elliot regarding both the citation and garnishment proceedings.

### DISCUSSION

The Trustee contends that Quest's attempt to collect on its judgment directly interferes with the Trustee's ability to administer the estate, and thus should be enjoined. The Trustee makes two arguments. First, the Trustee argues that Quest's proceedings target the trustee for actions he has performed in carrying out his duties under the Code. Citing 28 U.S.C. § 959,[2] the Trustee alleges that Quest's proceedings are the type that require court approval prior to their commencement. Quest's failure to obtain such approval, according to the Trustee, requires this Court to enjoin Quest from further prosecuting these proceedings. Alternatively, the Trustee argues that Quest's post-judgment proceedings against Nisen & Elliot have the effect of interfering with this Court's order allowing the Trustee to borrow money from Landberg and Basile to prosecute an action against Quest. According to the Trustee, therefore, the Court should exercise its equitable powers pursuant to 11 U.S.C. § 105 and enjoin Quest

from further prosecuting either proceeding.

### 28 U.S.C. § 959

■ In order for this Court to enjoin an action pursuant to 28 U.S.C. § 959, that action must have been commenced against the trustee for those acts committed while fulfilling his responsibilities under the Code. Quest's state court proceedings, however, fail to name the Trustee as a party to either the garnishment or citation to discover assets proceeding. Because neither action directly involves the Trustee, the Court will not invoke its equitable powers pursuant to 28 U.S.C. § 959. The Trustee argues, however, that the Court should enjoin Quest from further prosecuting its state court proceedings because these actions directly involve Trustee's counsel to whom the protection afforded by 28 U.S.C. § 959 extends, citing *In re DeLorean Motor Company*, 991 F.2d 1236 (6th Cir.1993).

In *DeLorean*, the bankruptcy trustee brought a fraudulent conveyance action against John DeLorean and Howard Weitzman. The trustee eventually settled the action with DeLorean which made the action against Weitzman moot. Later, however, Weitzman commenced an action in a California state court against the trustee and several trustee representatives. In response, the trustee commenced an adversary seeking to enjoin Weitzman from further prosecuting his state court action. Weitzman dismissed the trustee from the state court action but proceeded against the trustee's legal counsel, McCarron & Allard. The trustee again sought to enjoin Weitzman from prosecuting his proceeding against McCarron & Allard. The Bankruptcy Court found that 28 U.S.C. § 959 did not extend to fiduciaries of the estate other than trustees, receivers or managers. *DeLorean*, 991 F.2d at 1238–39. The

---

**2.** 28 U.S.C. § 959(a) provides in pertinent part that a bankruptcy trustee may be sued:

without leave of the court appointing them, with respect to any of their acts or transactions in carrying on business connected with such property. Such actions shall be subject

to the general equity power of such court so far as the same may be necessary to the ends of justice, but this shall not deprive a litigant of his right to trial by jury.

28 U.S.C. § 959(a).

Bankruptcy Court dismissed the trustee's complaint. The District Court affirmed.

In reversing the district court, the Sixth Circuit Court of Appeals explained that "leave of the appointing forum must be obtained by any party wishing to institute an action in a non-appointing forum against a trustee, for acts done in the trustee's official capacity and within the trustee's authority as an officer of the court." *DeLorean*, 991 F.2d at 1240. Because 28 U.S.C. § 959 is designed to protect property of the estate, the Court of Appeals noted that "it is immaterial whether the suit is brought against [the trustee] to recover specific property or to obtain judgment for a money demand." *Id.* at 1240. The Court explained that the protection afforded by 28 U.S.C. § 959 extended to representatives of the trustee, including trustee's legal counsel:

> We hold, as a matter of law, counsel for trustee, court appointed officers who represent the estate, are the functional equivalent of a trustee, whereas here, they act at the direction of the trustee and for the purpose of administering the estate or protecting assets. In authorizing the Trustee to bring the suit against DeLorean and Weitzman, the court authorized the Trustee's attorneys to aid the Trustee in bringing the suit. The protection that the leave requirement affords the Trustee and the estate would be meaningless if it could be avoided by simply suing the Trustee's attorneys. Therefore, leave of the Bankruptcy Court must be granted before a suit may be brought against counsel for trustee, in their capacity as counsel for trustee, since such suit is essentially a suit against the trustee.

*DeLorean*, 991 F.2d at 1241 (citations and footnote omitted). The Trustee contends the same situation exists here, and concludes that Quest's suit violates 28 U.S.C. § 959. The Court finds the facts of *DeLorean* inapposite.

The *DeLorean* reasoning shows that before a court may preclude a party from prosecuting an action commenced without court approval pursuant to 28 U.S.C. § 959, that action must target "acts done in the trustee's official capacity and within the trustee's authority as an officer of the court." *DeLorean*, 991 F.2d at 1240. Dissimilar to the state court action in *DeLorean*, Quest's proceedings against Nisen & Elliot fail to target acts committed by the firm while representing the Trustee in his official capacity. In *DeLorean*, the trustee through legal counsel commenced an adversary pursuant to Section 548 against Weitzman which gave rise to Weitzman's complaint against the trustee and trustee's counsel. But for the trustee's avoidance action, Weitzman would not have commenced his subsequent state court action against trustee's counsel. The same cannot be said for the present proceeding. In this matter, Quest obtained a judgment against a non-debtor party, Landberg, and has attempted to collect on that judgment which has nothing to do with acts committed by Nisen & Elliot at the direction of the Trustee in fulfilling his duties under the Code. Consequently, Quest's proceedings are not the type of proceedings which target "acts done in the trustee's official capacity and within the trustee's authority as an officer of the court." *DeLorean*, 991 F.2d at 1240. The Court has no authority pursuant to 28 U.S.C. § 959 to preclude Quest from further prosecuting these proceedings.

### *11 U.S.C. § 105*

The Trustee next contends that Quest's post-judgment proceedings against Nisen & Elliot have the effect of interfering with this Court's order allowing the Trustee to borrow money from Landberg and Basile to prosecute an action against Quest. Without these funds, the Trustee contends he will be unable to pursue a $1,400,000.00 avoidance action for the benefit of all creditors. To permit the administration of the estate which includes prosecuting the avoidance action against Quest, the Trustee urges this Court to enjoin Quest pursuant to 11 U.S.C. § 105 [3] from further pursuing

---

**3.** 11 U.S.C. § 105 provides:

The court may issue any order, process, or

760

its actions against Nisen & Elliot. Prior to analyzing the impact Quest's actions have upon the administration of the estate, a brief review of the law governing garnishment and citation to discover assets proceedings is in order.

The purpose of garnishment is to make the discovered assets of a judgment debtor available for satisfaction of adjudicated claims, *Seidmon v. Harris*, 172 Ill. App.3d 352, 356, 122 Ill.Dec. 284, 526 N.E.2d 543 (1st Dist.1988), and to reach property belonging to a judgment debtor where the judgment debtor has no property in his possession liable to execution. *Harris v. Valen Constr. Co.*, 49 Ill.App.2d 265, 200 N.E.2d 70 (1st Dist.1964). Illinois garnishment proceedings are supplementary proceedings to judgment, *In re Marriage of McElwee*, 230 Ill.App.3d 714, 172 Ill.Dec. 377, 595 N.E.2d 738 (5th Dist.1992), commenced upon the filing of the judgment creditor's affidavit. *See* Ill.Rev.Stat., Ch. 110, § 12–701. A post-judgment garnishment proceeding is typically commenced against a third-party in whose hands the judgment debtor's property may be found. *Peter Fischer Import Motors, Inc. v. Buckley*, 121 Ill.App.3d 906, 77 Ill.Dec. 290, 460 N.E.2d 346 (1st Dist.1984). A judgment creditor can assert against a garnishee only those claims that the judgment debtor could have maintained. *Baron v. Villareal*, 100 Ill.App.2d 366, 373, 241 N.E.2d 227 (2d Dist.1968). The right of a judgment creditor against a garnishee cannot, via garnishment, rise higher than the right of the judgment debtor against the garnishee. *Seidmon v. Harris*, 172 Ill. App.3d 352, 356, 122 Ill.Dec. 284, 526 N.E.2d 543 (1st Dist.1988). Thus, the judgment creditor cannot recover from the garnishee if the judgment debtor could not do so.

In this matter, Quest caused to be served upon Nisen & Elliot an Affidavit and Garnishment Summons. In order for Quest to recover on a garnishment from Nisen & Elliot, Landberg would have to be able to maintain a cause of action against Nisen & Elliot. Whether such an action would exist requires this Court to analyze the Agreement which provides in pertinent part as follows:

3. Basile/Landberg will deposit with Nisen & Elliot the amount of $35,000.00 to be applied to costs and expenses and associate charges as incurred, it being understood between the parties hereto that if, as and when the $35,000.00 deposit has been used, Basile/Landberg will continue to advance and pay all costs and associate charges as they are incurred.

4. In consideration for such advancements as provided for herein, Basile/Landberg shall be repaid advancements from the first monies recovered by the estate, if any, as proceeds of said litigation or settlement thereof.

5. In the event of no recovery or recovery insufficient to repay Basile/Landberg, in full, Basile/Landberg shall have a Chapter 7 administrative claim against the Estate to be paid on a pro rata basis with any and all other Chapter 7 administrative claims.

6. *It is understood by the parties thereto that this Agreement constitutes a borrowing between the Estate and Basile/Landberg and that in no event will Nisen & Elliot, Donald C. Shine or John K. Kneafsey be liable to Basile/Landberg for repayment of funds advanced in connection with said litigation.*

Agreement for Borrowing and Advancement of Costs and Certain Fees (emphasis added). The Agreement plainly provides that Nisen & Elliot will not be liable to Landberg for any funds advanced to the estate. Accordingly, Landberg cannot maintain an action against Nisen & Elliot to recover the $35,000 advanced to the estate which means that Quest cannot recov-

---

judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua

sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a).

er from Nisen & Elliot any funds it holds. Quest's garnishment proceeding simply targets the wrong party.

In addition to the garnishment proceeding, Quest also caused to be served upon a partner of Nisen & Elliot a Citation to Discover Assets. A citation to discover assets proceeding is also a supplementary proceeding which is designed to provide an efficient and expeditious procedure for discovery of assets and income of a judgment debtor, and compel the application of discovered non-exempt assets or income toward payment of the judgment. *In re Stoner Invest., Inc.,* 7 B.R. 240 (Bankr. N.D.Ill.1980). The statute expressly provides that a "judgment creditor ... is entitled to prosecute supplementary proceedings for purposes of examining the judgment debtor or *any other person* to discover assets or income of the debtor not exempt from the enforcement of the judgment ..." 735 ILCS 5/2–1402(a) (emphasis added). The plain language of the statute certainly permits Quest to inquire of Nisen & Elliot as to non-exempt assets or income of Landberg which Quest believes is in the possession of Nisen & Elliot. *See Textile Banking Co. v. Rentschler,* 657 F.2d 844, 850 (7th Cir.1981). Based upon the Agreement, however, the $35,000 held by Nisen & Elliot is not property of Landberg. When Landberg loaned the estate $35,000, Landberg took an interest in the proceeds recovered from the avoidance action or in the event the recovery was insufficient an administrative claim. Nisen & Elliot holds neither interest. Again, Quest is targeting the wrong party.

Although the Court finds that Quest's proceedings incorrectly name Nisen & Elliot in an attempt to recover from it the loan made by Landberg to the estate, the Court will not enjoin the state court proceedings pursuant to 11 U.S.C. § 105. As explained, Quest cannot garnish or collect the funds deposited with Nisen & Elliot which means that Quest's proceedings will not interfere with the Trustee's ability to prosecute its avoiding action. This Court will not usurp the jurisdiction of the state

court in deciding that Quest's proceedings against Nisen & Elliot are meritless.

Finally, the Trustee seeks a finding of contempt and as a sanction the imposition of costs against Quest for expenses incurred by Nisen & Elliot in defending against the state court proceedings. Again, this Court will not usurp the jurisdiction of the state court handling these proceedings. If Nisen & Elliot seeks to recover their costs and expenses in defending against these proceedings, it should proceed before the court in which these matters pend. That court is the proper forum to address this request.

## CONCLUSION

The Court denies the Trustee's motion to enjoin Quest from prosecuting its state court proceedings. The Court further denies the Trustee's motion for a finding of contempt and sanctions.